STATE OF MAINE
SAGADAHOC, ss.

SUPERIOR COURT
Docket No. RE-10-25
AMH - C.i.C - 11/30/2011

BANK OF AMERICA, NATIONAL
ASSOCIATION AS SUCCESSOR BY
MERGER TO BAC HOME LOANS
SERVICING, LP,

Plaintiff,

v.

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

TRAVIS F. SPENCER and JOY M. SPENCER,

Defendant,

and

PINE HILL CONDOMINIUM OWNERS
ASSOCIATION and STATE OF MAINE,

Parties-In-Interest.

The plaintiff moves for summary judgment in an action for foreclosure brought

pursuant to 14 M.R.S.A. § 6321, et seq. The defendants filed no response. Regardless of

whether the defendants have filed an objection, this motion is subject to Rule 56(j),

which imposes detailed requirements for granting summary judgment in foreclosure

actions. M.R. Civ. P. 56(j).[1] The court has an independent obligation to ensure

compliance with this rule. M.R. Civ. P. 56(j) advisory committee's note to amend.[2] The

---

[1] M.R. Civ. P. 56(j) states:
> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[2] The Advisory Committee note states:
> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and

1

court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

Having reviewed the file, the court denies Plaintiff's motion on the following grounds:

The plaintiff's testimony regarding the note, mortgage, and assignments of the mortgage is from its attorney, David Jones. Pl.'s S.M.F. ¶¶ 3-6, Affidavit Concerning Loan Documents.[3] This court holds that Jones has not demonstrated adequate personal knowledge of the creation and retention of the loan documents to testify regarding these documents. In addition, even if this court were to admit Jones' testimony, the plaintiff fails to cite to ¶ 4 of the Affidavit Concerning Loan Documents, which states that true copies of the note, mortgage, and mortgage assignment are attached. By failing to cite to ¶ 4 of the Affidavit Concerning Loan Documents, the plaintiff never authenticates the note, mortgage, and assignment of the mortgage.[4] The court thereby finds that the plaintiff fails to "certify proof of ownership of the mortgage note and

---

determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P 56(j) advisory committee's note.

[3]While an affidavit from an employee of the plaintiff, Linda A. Sigecan, states that a "certain note and mortgage" are attached to her affidavit, the statement of material facts does not cite to the Sigecan affidavit to discuss the note or mortgage. Sigecan Affidavit ¶ 1. The Sigecan affidavit also does not mention the assignment of the mortgage.

[4] The plaintiff's failure to cite to the pertinent paragraphs in affidavits may not have been fatal to this motion if the court had not identified additional defects. This court advises plaintiff's counsel in the future, however, to cite to the portions of the affidavit that authenticate the attached documents. The Law Court has held that "In summary judgment practice, the court 'is neither required nor permitted to independently search a record to find support for facts offered by a party.'" *HSBC v. Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158 (quoting *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9).

2

produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage." 14 M.R.S. § 6321.

The plaintiff also fails to discuss the multiple endorsements of the note. The plaintiff states that it is the holder of the note, but never discusses the three endorsements of the note found on the allonge to the note. Pl.'s S.M.F. ¶ 4, Affidavit Concerning Loan Documents Ex. A. The plaintiff also fails to explain the discrepancy between the copy of the note attached to the Sigecan affidavit, which contains one endorsement, and the copy of the note attached to the Affidavit Concerning Loan Documents. The Law Court requires that the statement of material facts contain "all assignments and endorsements of the note and the mortgage[.]" *Higgins*, 2009 ME ¶¶ 11-12, 985 A.2d at 508.

Lastly, the plaintiff fails to illustrate that the notices of default it sent to the defendants complied with the statutory requirements in 14 M.R.S. § 6111. First, the court notes that the plaintiff failed to authenticate the copies of the notice of default, because it failed to cite to ¶ 4 of the Affidavit Concerning Notice of Right to Cure, which states that true copies of the notices and certificates of mailing are attached as Exhibits A and B. Second, the listing of housing counselors the plaintiff provided does not contain addresses for the counseling agencies. Affidavit Concerning Notice of Right to Cure Ex. A and B. 14 M.R.S. § 6111(1-A)(F) requires that the notice include the "The name, address, telephone number and other contact information for all counseling agencies approved by the United States Department of Housing and Urban Development operating to assist mortgagors in the State to avoid foreclosure[.]" While the plaintiff included the name, servicing area, telephone number, and email address

3

for the agencies, it failed to include the address.[5] *Higgins* requires that the statement of material facts include "evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements[.]" 2009 ME ¶ 11, 985 A.2d 508.

Accordingly, the Court **ORDERS** that the motion is denied.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 11-30-11

Andrew M. Horton
Justice, Superior Court

---

[5] The court probably would not have denied summary judgment for this reason alone, but the court advises the plaintiff that it should provide a listing of housing counselors that complies with all of the statutory requirements in 14 M.R.S. § 6111(1-A)(F).