STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   Docket No. RE-10-613
                                                  JAW - CUM - 12/8/2011


BAC HOMES LOANS SERVICING, LP
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP,

                    Plaintiff,

v.

HENRY H. RICHARDS, III and
KATHLEEN RICHARDS,

                    Defendants,


## ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO SUBSTITUTE PARTIES

Before the court is the plaintiff's, BAC Home Loans Servicing, LP

("Plaintiff"), motions for summary judgment on its action for foreclosure brought

pursuant to 14 M.R.S.A. § 6321, et seq. and to substitute party pursuant to M.R.

Civ. P. 25(c).

### Motion for Summary Judgment

Regardless of whether the defendant has filed an objection, a motion for

summary judgment is subject to Rule 56(j), which imposes detailed requirements

for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The

---

[1] M.R. Civ. P. 56(j) states:
> No summary judgment shall be entered in a foreclosure action filed
> pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except
> after review by the court and determination that (i) the service and notice
> requirements of 14 M.R.S. § 6111 and these rules have been strictly
> performed; (ii) the plaintiff has properly certified proof of ownership of
> the mortgage note and produced evidence of the mortgage note, the
> mortgage, and all assignments and endorsements of the mortgage note
> and the mortgage; and (iii) mediation, when required, has been completed
> or has been waived or the defendant, after proper service and notice, has
> failed to appear or respond and has been defaulted or is subject to default.

1

court has an independent obligation to ensure compliance with this rule. M.R. Civ. P. 56(j) advisory committee's note to 2009 amend.[2]

The court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. It is not sufficient that the record contains all of the required information; the facts must be specifically stated in the statement of material facts and supported by proper record references. *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 16, 28 A.3d 1158. The Law Court has clearly stated that the trial courts "should not" search the record to find evidence to support a party's claim when that claim is not sufficiently referenced in the statement of material facts. *Id.* at ¶ 17. The Law Court has also clearly stated what information must be contained in the statement of material facts in order to prove a foreclosure claim. *See e.g. Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d. 508. To the extent that those required components are based on statutory requirements, the statement of material facts must indicate that all aspects of those requirements have been met. Furthermore, the statements of material facts must be properly supported by record citations, meaning both that the citation must support the fact stated and the evidence supporting the fact must be of a kind and quality that is admissible at trial. M.R. Civ. P. 56(e). In a foreclosure case the relevant documents are often created by entities other than

---

[2] The Advisory Committee note states:

> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P 56(j) advisory committee's note.

2

the foreclosing party. The supporting affidavits attempting to demonstrate that these records are admissible under the business records exception to the hearsay rule must comply with the requirements laid out by the Law Court in *Beneficial Maine, LLC v. Carter*, 2011 ME 77, 25 A.3d 96.

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure not been met and the court denies the Plaintiff's motion on the following grounds.

This foreclosure is subject to the requirements of the Foreclosure Diversion Program of M.R. Civ. P. 93. M.R. Civ. P. 93(b)(1) explains that all foreclosure actions filed after December 31, 2009 against an owner who is an owner-occupant are subject to the rule. This foreclosure was filed in 2010 and the defendants appear to have been owner-occupants. M.R. Civ. P. 93(c)(4) requires that blank financial forms be served with the summons and complaint so that the defendants can easily submit information, which may allow the plaintiff to develop alternatives to foreclosure. Also, 14 M.R.S. § 6321-A(2), describing the "Foreclosure Mediation Program," requires that plaintiff attach to the front of the foreclosure complaint a one-page form notice for making a request for mediation and making an answer to a foreclosure complaint. The Plaintiff's statement of material facts does not indicate that these two documents were served with the Complaint. Paragraph 1 simply states that the summons and complaint were served.

The Plaintiff has not properly demonstrated ownership of the mortgage. The Plaintiff claims ownership of the mortgage, executed in favor of America's Wholesale Lender, recorded in the Cumberland County Registry of Deeds in Book 24520, Page 21, by virtue of an assignment from Mortgage Electronic

3

Registration Systems, Inc. ("MERS") to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. (SMF ¶ 6.) Both this statement of fact, the mortgage, and the assignment itself, attached as exhibit B to the Attorney Affidavit, refer to MERS as acting solely as nominee for America's Wholesale Lender.

In *Mortgage Electronic Registration Systems, Inc. v. Saunders*, the Law Court expressly stated that the only rights that MERS acquires when it acts as nominee for the lender in a mortgage is bare legal title for the sole purpose of recording the mortgage and the right to record. 2010 ME 79, ¶ 10, 2 A.3d 289. The remaining beneficial rights in the mortgage and note are vested solely in the lender and that MERS is not a "mortagee" within the meaning of 14 M.R.S. § 6321. *Id.* Therefore, the assignment of rights from MERS does not assign any rights other than the right to record. *See Deutche Bank Nat'l Trust Co. v. Merrill*, 2010 Me. Super. LEXIS 126, * 6 (October 14, 2010). Because BAC Home Loans Servicing was not the original mortgagee and it does not have a valid assignment or chain of assignments from the original mortgagee, it has not proven ownership of the mortgage and, therefore, has not demonstrated that it has standing to pursue this action.

The Plaintiff's statement that the Defendants breached a condition of the Note and Mortgage is not supported by a record citation. *See* Pl.'s S.M.F. ¶ 7; Pangilinan Aff. ¶ 4. Neither the Plaintiff's statement of material fact nor the Pangilinan Affidavit provide a proper specific citation to language in the note and mortgage indicating that the Defendants actions constitute a breach or default.

The Plaintiff has not proven that it has complied with the notice requirements of 14 M.R.S. § 6111. The Plaintiff failed to set forth in its statement of material facts proof that the notice requirements set forth in 14 M.R.S.A. § 6111(1) were met or that an exception in 14 M.R.S.A. § 6111(5) applies. Additionally, the statement of material facts does not include the method by which the notice of default was provided. 14 M.R.S. § 6111(3); Pl.'s SMF ¶ 8. The Plaintiff submits a copy of the notice sent to the Defendants through its Attorney Affidavit. However, the attorney has not set forth that he is custodian of these records or has personal knowledge of how they were made and kept by the entity that created them. Therefore, the affidavit does not establish a foundation for the admission of the notice as a business records exception to the hearsay rule under *Beneficial Maine*.

## Motion to Substitute

The Plaintiff has also moved to substitute Bank of America, National Association for BAC Home Loans Servicing, LP as plaintiff. On motion the court may join or substitute parties when there has been a transfer of interest between the original party to an action and the party to whom the interest has been transferred. M.R. Civ. P. 25(c).

The Plaintiff states that, as of July 1, 2011 BAC Home Loans Servicing, LP merged into Bank of America, National Association. The Plaintiff also asserts that Bank of America, National Association is now the proper party to pursue the litigation.

As discussed above with regard to the motion for summary judgment, the Plaintiff, BAC Home Loans Servicing, LP, has not demonstrated that it is or was the owner of the mortgage that is the subject of this complaint and, therefore, has

5

not demonstrated that it has standing to bring this action. Until the Plaintiff cures the defect in its Motion for Summary Judgment, the Motion for Substitution of a Party should also be denied.

Accordingly,

the Court **ORDERS** that the Plaintiff may submit further evidence and documentation by affidavit and additional Rule 56(h) statements within 30 days of the date of this Order, to which the defendant may respond. If nothing further is received, the Motion is **DENIED**.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: December 7, 2011

Joyce A. Wheeler
Justice, Superior Court

6