2012 ME 34

**WELLS FARGO BANK, NA**

v.

**David E. deBREE et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 16, 2012.
Decided: March 13, 2012.

William L. Vickerson, Esq., Portland, for appellants David E. deBree and Lee Anne deBree.

Mark A. Darling, Esq., Litchfield Cavo, LLP, Lynnfield, Massachusetts, for appellee Wells Fargo Bank, NA.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] David E. and Lee Anne deBree appeal from a summary judgment of foreclosure entered in the District Court (Portland, *Moskowitz, J.*) in favor of Wells Fargo Bank, NA, on its complaint. Because we conclude that the Bank failed to offer evidence that it owns the deBrees' mortgage and note, we vacate the summary judgment and remand the matter for further proceedings.

## I. BACKGROUND

[¶ 2] On January 19, 2010, the Bank filed a complaint for foreclosure against the deBrees and others who might claim an interest in property in Windham owned by the deBrees.[1] The complaint alleged that the deBrees were in default of a mortgage note owned by the Bank because they ceased making monthly mortgage payments in April 2009. The Bank sought possession of the deBrees' property and alleged that the deBrees owe the bank $129,174.12, which includes accrued interest, late charges, escrow advances, and inspection fees. The complaint alleged that Wells Fargo Bank, NA, was "Successor by Merger to Wells Fargo Home Mortgage, Inc."

[¶ 3] In their answer, the deBrees denied that they were in default. They also pleaded that they were "unaware of the truth or falsity of" the allegation that the Bank was successor by merger to Wells Fargo Home Mortgage, Inc., and they therefore denied the allegation.

[¶ 4] The Bank moved for summary judgment and submitted a statement of material facts, *see* M.R. Civ. P. 56(h)(1), supported by the affidavit of Herman John Kennerty, vice president of loan documentation at the Bank. The affidavit stated that the originally executed note was payable to Residential Mortgage Services, Inc., and that the "Plaintiff is the current holder of the Note and the Mortgage and entitled to enforce by virtue of an Assignment of Mortgage dated on or about May 19, 2003." Kennerty attached to his affidavit a copy of the 2003 assignment, which transferred the rights on the note and mortgage from Residential Mortgage Services, Inc., not to Wells Fargo Bank, NA, but rather to Wells Fargo Home Mortgage, Inc.

[¶ 5] Kennerty's affidavit did not, in any way, address the distinction between Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank, NA. Nor did the Bank provide any other evidence in support of summary judgment to demonstrate that it was, as stated in the complaint, "Successor by Merger to Wells Fargo Home Mortgage, Inc."

[¶ 6] Based on the record before it, the court entered a summary judgment for the Bank. After the court amended the judgment in ways unrelated to the question at issue, the deBrees appealed.

## II. DISCUSSION

■ ■ [¶ 7] We review the motion court's ruling on summary judgment de novo to determine whether the properly presented evidence, viewed in the light most favorable to the party against whom judgment was entered, demonstrates that "there is no genuine issue as to any material fact . . . and that any party is entitled

1. Although the deBrees also live in Windham, the property at issue is not their residence.

to a judgment as a matter of law." M.R. Civ. P. 56(c); *see Chase Home Fin. LLC v. Higgins,* 2009 ME 136, ¶¶ 10–11, 985 A.2d 508. For a mortgage holder to obtain summary judgment in a foreclosure action, its statement of material facts and supporting evidence must include, among other things, "properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage." *Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508; *see* 14 M.R.S. § 6321 (2011).

[¶ 8] The summary judgment record in this matter contains no evidence that Wells Fargo Bank, NA—rather than Wells Fargo Home Mortgage, Inc.—is the owner of the deBrees' mortgage and mortgage note. The Bank simply did not offer evidence of the transfer of the note and mortgage from Wells Fargo Home Mortgage, Inc., to Wells Fargo Bank, NA. Without that evidence, the Bank has not established entitlement to a judgment as a matter of law, and summary judgment is not appropriate. *See* M.R. Civ. P. 56(c); *Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508.

[¶ 9] Recognizing the gap in the evidence of ownership, the Bank argues that the deBrees waived their right to raise the issue by failing to contest ownership in opposing summary judgment. In a mortgage foreclosure proceeding, that argument cannot prevail. To be clear, regardless of any deficiencies in an opponent's response to summary judgment, a plaintiff seeking summary judgment on a complaint for foreclosure can prevail only upon satisfying its independent obligation to provide a statement of material facts that refers to evidence supporting all elements of its claim. *See HSBC Bank USA, N.A. v. Gabay,* 2011 ME 101, ¶ 8, 28 A.3d 1158; *Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508; *Deutsche Bank Nat'l Trust Co. v. Raggiani,* 2009 ME 120, ¶¶ 5–8, 985

A.2d 1. Thus, whether or not the deBrees alerted the motion court to the lack of evidence of ownership, the Bank was required to provide evidentiary support for its statement that it is the owner of the note and mortgage in order to prevail on summary judgment. *See Gabay,* 2011 ME 101, ¶ 8, 28 A.3d 1158; *Raggiani,* 2009 ME 120, ¶¶ 5–8, 985 A.2d 1. The Bank did not provide this evidentiary support, and thus its waiver argument fails. *See Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 9, 770 A.2d 653 (holding that a fact offered by the moving party on summary judgment without evidentiary support "is not properly before the court and cannot provide a basis for judgment").

[¶ 10] In an alternate attempt to cure its failure to provide evidence of ownership, the Bank now asks us to take judicial notice of the merger that allegedly resulted in its ownership of the note and mortgage. *See* M.R. Evid. 201. The Bank did not, however, move for the District Court to take judicial notice of these facts as a substitute for the evidence of mortgage and note ownership that is ordinarily required of a plaintiff seeking a summary judgment of foreclosure. *See id.; Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508. Nor did the Bank present any factual foundation upon which either the court or we could take such judicial notice. *See* M.R. Evid. 201(b)-(d). Thus, even if we were to consider taking judicial notice as requested by the Bank, the record before us on appeal is devoid of the necessary foundation for us to do so. M.R. Evid. 201(b)-(d), (f); *see Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508.

[¶ 11] In conclusion, because the Bank has failed to supply evidence that it owns the deBrees' note and mortgage—a showing that is necessary to its foreclosure claim—it has failed to demonstrate that there are no genuine issues of material

fact and it is entitled to a judgment as a matter of law. *See* M.R. Civ. P. 56(c); *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508; *Raggiani*, 2009 ME 120, ¶¶ 5–8, 985 A.2d 1. We vacate the entry of summary judgment and remand the matter for further proceedings.

The entry is:

Summary judgment vacated.  Remanded for further proceedings.