STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. RE-11-145
                                                  TDW - - ·.n- 7/12/2012

CITIMORTGAGE INC.,

        Plaintiff

v.                                                         ORDER

                                    STATE OF MAINE
                                    Cumb·· · · ·ffice

ROBERT MacEACHERN, et al,           JUL 1  2012

        Defendants                  RECEIVED


        The trial in this mortgage foreclosure case took place on June 18, 2012. At trial the court concluded, as stated on the record, that plaintiff Citimortgage Inc. had demonstrated that it was entitled to a judgment of foreclosure subject to one issue – whether the evidence that FHLMC (Freddie Mac) was the owner of the mortgage note precluded Citimortgage from foreclosing or at least required Citimortgage Inc. to substitute FHLMC as the plaintiff.

        Counsel for Citimortgage subsequently briefed that issue. The court concludes, based on the argument and the authority submitted by Citimortgage, that a judgment of foreclosure may be entered in favor of Citimortgage.

        At the outset, the governing statute and the applicable Maine Rules of Civil Procedure require that the mortgagee

> shall certify proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage.

14 M.R.S. § 6321. Accord, M.R.Civ.P. 55(b)(ii), M.R.Civ.P. 56(j)(ii). The question presented is whether this represents a legal requirement requiring that the mortgagee

certify that it (the mortgagee) is the owner of the note or whether the statute and rules are satisfied if the mortgagee certifies that FHLMC is the owner of the note but also establishes that the mortgagee (and named plaintiff) is the current holder of the note.

In this case Citimortgage proved at trial that it is the current holder of the original note, which was endorsed to Citimortgage.[1] Citimortgage has also proved that it is the assignee of the mortgage that secured the note.

Citimortgage's argument that it can bring a foreclosure action as the holder of the mortgage note is supported by the UCC, which expressly allows a holder of a note to enforce the note. 11 M.R.S. § 3-1301(1). Indeed, the Law Court has stated that the holder of a negotiable instrument and the other parties listed in § 3-1301 are the "only" parties entitled to enforce a negotiable instrument. MERS v. Saunders, 2010 ME 79 ¶ 12, 2 A.3d 289.

Notably, the "owner" of a negotiable instrument is not listed as a person entitled to enforce a negotiable instrument in 11 M.R.S. § 3-1301. Indeed, the official UCC comment to UCC § 3-203 states, inter alia,

> The right to enforce an instrument and ownership of the instrument are two different concepts. . . . Moreover, a person who has an ownership right in an instrument might not be a person entitled to enforce the instrument.

11 M.R.S.A. § 3-1203 comment 1.

Citimortgage's argument is also supported by various Law Court cases which, although sometimes using the terms "owner" or "ownership," have actually focused on whether the mortgagee has proven that it is the holder of the note. See, e.g., MERS v. Saunders, 2010 ME 79 ¶ 12; JPMorgan Chase Bank v. Harp, 2011 ME 5 ¶ 9 & n.3, 10

---

[1] The note has also been endorsed in blank by Citimortgage but since Citimortgage remains the holder of the note, the endorsement in blank does not affect Citimortgage's right to enforce the note.

2

A.3d 718 (stating that JPMorgan had "satisfied the ownership prerequisites for standing" while citing in the accompanying footnote to 11 M.R.S. § 3-1301 – which does not address ownership but permits enforcement of a note by its holder); HSBC Bank USA N.A. v. Gabay, 2011 ME 101 ¶ ¶ 14-15, 28 A.3d 1158 (mentioning ownership but focusing on deficiencies in HSBC's showing that it was "the current holder of the note").

Other decisions, while referring to "ownership" of a mortgage note, have not addressed the issue of "owner" vs. "holder" and do not suggest that the right of a holder to enforce a note under the U.C.C. does not apply in mortgage foreclosure cases. E.g., Wells Fargo Bank v. deBree, 2012 ME 34, 38 A.3d 1257. The court therefore concludes that the Law Court's references to "ownership" of the note refer to the usual situation where the owner of the note and the holder of the note are one and the same but do not exclude the possibility that, as in this case, the current holder of a note may enforce the note even though FHLMC is the owner of the note.

Finally, Citimortgage's argument is bolstered by evidence contained in the record and in the FHLMC servicing guidelines submitted after trial that in cases where FHLMC owns mortgage notes, foreclosure actions must nevertheless be processed "in the servicer's name."

The court is not aware of any support for the proposition that, when the Legislature amended 14 M.R.S. § 6321 in 2009 to add the requirement that a mortgagee must certify proof of ownership, it intended to amend 11 M.R.S. § 3-1301 or to alter the right of a holder of a note who was not the owner to enforce the note. The court therefore concludes that under the circumstances presented in this case, 14 M.R.S. § 6321 and 11 M.R.S. § 3-1301 can be reconciled by requiring Citimortgage to certify proof of FHLMC's ownership of the note while at the same time proving that Citimortgage is

3

the current holder of the note and the assignee of the mortgage and that it is thereby entitled to pursue a foreclosure action in its own name.

The entry shall be:

The court finds that plaintiff is entitled to pursue this foreclosure action and will enter the accompanying judgment of foreclosure. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July _11_, 2012

Thomas D. Warren
Justice, Superior Court

4

**CITIMORTGAGE INC VS ROBERT W MACEACHERN ET ALS**
CASE #:PORSC-RE-2011-00145

------------------------------------------------------------------------------

SEL VD                          REPRESENTATION TYPE     DATE
01 0000000461 ATTORNEY:JORDAN, WILLIAM B
ADDR:707 SABLE OAKS DRIVE STE 250 SOUTH PORTLAND ME 04106
  F FOR:CITIMORTGAGE INC                  PL        RTND  03/04/2011


**\*\*\*PRO SE PARTIES BELOW\*\*\***
002 DEF       ROBERT W MACEACHERN
003 DEF       JENNIFER L MACEACHERN AKA AUDET, FOGG
004 PII       BIRCHWOOD ROAD ASSOCIATION INC