STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-11-419

*TTW- Cum- 7/16/2012*

GREEN TREE SERVICING INC.,

Plaintiff

v.

ORDER

DONATO CORSETTI, et al,

STATE OF MAINE
Cumberland, ss., Clerk's Office

Defendants

JUL 1  2012

RECEIVED

The trial in this mortgage foreclosure case took place on June 18, 2012. At trial the court concluded, as stated on the record, that plaintiff Green Tree Servicing Inc. had demonstrated that it was entitled to a judgment of foreclosure subject to one issue – whether the evidence that FNMA was the owner of the mortgage note precluded Green Tree from foreclosing or at least required Green Tree to substitute FNMA as the plaintiff.

Counsel for Green Tree subsequently briefed that issue. The court concludes, based on the argument and the authority submitted by Green Tree, that a judgment of foreclosure may be entered in favor of Green Tree.

At the outset, the governing statute and the applicable Maine Rules of Civil Procedure require that the mortgagee

> shall certify proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage.

14 M.R.S. § 6321. Accord, M.R.Civ.P. 55(b)(ii), M.R.Civ.P. 56(j)(ii). The question presented is whether this represents a legal requirement requiring that the mortgagee

certify that it (the mortgagee) is the owner of the note or whether the statute and rules are satisfied if the mortgagee certifies that FNMA is the owner of the note but also establishes that the mortgagee (and named plaintiff) is the current holder of the note.

In this case Green Tree proved at trial that it is the current holder of the original note, which was endorsed by allonge to Green Tree.[1] Green Tree has also proved that it is the assignee of the mortgage that secured the note.

Green Tree's argument that it can bring a foreclosure action as the holder of the mortgage note is supported by the UCC, which expressly allows a holder of a note to enforce the note. 11 M.R.S. § 3-1301(1). Indeed, the Law Court has stated that the holder of a negotiable instrument and the other parties listed in § 3-1301 are the "only" parties entitled to enforce a negotiable instrument. MERS v. Saunders, 2010 ME 79 ¶ 12, 2 A.3d 289.

Notably, the "owner" of a negotiable instrument is not listed as a person entitled to enforce a negotiable instrument in 11 M.R.S. § 3-1301. Indeed, the official UCC comment to UCC § 3-203 states, inter alia,

> The right to enforce an instrument and ownership of the instrument are two different concepts. . . . Moreover, a person who has an ownership right in an instrument might not be a person entitled to enforce the instrument.

11 M.R.S.A. § 3-1203 comment 1.

Green Tree's argument is also supported by various Law Court cases which, although sometimes using the terms "owner" or "ownership," have actually focused on whether the mortgagee has proven that it is the holder of the note. See, e.g., MERS v. Saunders, 2010 ME 79 ¶ 12; JPMorgan Chase Bank v. Harp, 2011 ME 5 ¶ 9 & n.3, 10

---

[1] The note has also been endorsed in blank by Green Tree but since Green Tree remains the holder of the note, the endorsement in blank does not affect Green Tree's right to enforce the note.

A.3d 718 (stating that JPMorgan had "satisfied the ownership prerequisites for standing" while citing in the accompanying footnote to 11 M.R.S. § 3-1301 – which does not address ownership but permits enforcement of a note by its holder); HSBC Bank USA N.A. v. Gabay, 2011 ME 101 ¶ ¶ 14-15, 28 A.3d 1158 (mentioning ownership but focusing on deficiencies in HSBC's showing that it was "the current holder of the note").

Other decisions, while referring to "ownership" of a mortgage note, have not addressed the issue of "owner" vs. "holder" and do not suggest that the right of a holder to enforce a note under the U.C.C. does not apply in mortgage foreclosure cases. E.g., Wells Fargo Bank v. deBree, 2012 ME 34, 38 A.3d 1257. The court therefore concludes that the Law Court's references to "ownership" of the note refer to the usual situation where the owner of the note and the holder of the note are one and the same but do not exclude the possibility that, as in this case, the current holder of a note may enforce the note even though FNMA is the owner of the note.

Finally, Green Tree's argument is bolstered by evidence contained in the record and in the FNMA servicing guidelines submitted after trial contemplating that mortgagees who have invoked FNMA's guarantee and have thereafter become servicers will be given possession of the mortgage notes so that they can bring foreclosure actions.

The court is not aware of any support for the proposition that, when the Legislature amended 14 M.R.S. § 6321 in 2009 to add the requirement that a mortgagee must certify proof of ownership, it intended to amend 11 M.R.S. § 3-1301 or to alter the right of a holder of a note who was not the owner to enforce the note. The court therefore concludes that under the circumstances presented in this case, 14 M.R.S. § 6321 and 11 M.R.S. § 3-1301 can be reconciled by requiring Green Tree to certify proof of FNMA's ownership of the note while at the same time proving that Green Tree is the

3

current holder of the note and the assignee of the mortgage and that it is thereby entitled to pursue a foreclosure action in its own name.

The entry shall be:

The court finds that plaintiff is entitled to pursue this foreclosure action and will enter the accompanying judgment of foreclosure. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July _13_, 2012

Thomas D. Warren
Justice, Superior Court

4

**GREEN TREE SERVICING LLC VS DONATO CORSETTI ET AL**
CASE #:PORSC-RE-2011-00419

-----------------------------------------------------------------------

SEL VD                          REPRESENTATION TYPE    DATE

01 0000000461 ATTORNEY: JORDAN, WILLIAM B
ADDR: 707 SABLE OAKS DRIVE STE 250 SOUTH PORTLAND ME 04106
  F FOR: GREEN TREE SERVICING LLC          PL       RTND  08/03/2011

02 0000003527 ATTORNEY: PECK, PAUL
ADDR: ONE MONUMENT WAY PORTLAND ME 04101
  F FOR: MAINE BANK AND TRUST CO.           PII      RTND  09/13/2011

03 0000002448 ATTORNEY: WAITE, PAMELA
ADDR: 6 STATE HOUSE STATION AUGUSTA ME 04333-0006
  F FOR:MAINE REVENUE SERVICES             PII      RTND  08/25/2011

04 0000007772 ATTORNEY:WYMAN, ELIZABETH
ADDR: 6 STATE HOUSE STATION AUGUSTA ME 04333-0006
  F FOR:MAINE DEPARTMENT OF LABOR          PII      RTND  08/29/2011