2011 ME 101

**HSBC BANK USA, N.A., as Trustee under the Pooling and Servicing Agreement Dated as of December 1, 2005, Fremont Home Loan Trust 2005–E**

v.

**Janelle GABAY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 27, 2011.

Decided: Sept. 15, 2011.

Geoffrey S. Lewis, Esq., Hastings Law Office, P.A., Fryeburg, on the briefs, for appellant Janelle Gabay.

Elizabeth M. Crowe, Esq., Bendett & McHugh, P.C., Farmington, Connecticut, on the briefs, for appellee HSBC Bank USA, N.A., as Trustee Under the Pooling and Servicing Agreement Dated as of December 1, 2005, Fremont Home Loan Trust 2005–E.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] Janelle Gabay appeals from a summary judgment entered in the District Court (Bridgton, *Powers, J.*) in favor of HSBC Bank USA, N.A., as Trustee under the Pooling and Servicing Agreement dated as of December 1, 2005, Fremont Home Loan Trust 2005–E, on HSBC's complaint for foreclosure and sale pursuant to 14 M.R.S. §§ 6321–6325 (2010).[1] Gabay argues that HSBC's motion for summary judgment should have been denied because HSBC's statement of material facts left unresolved genuine issues of material fact as to (1) whether HSBC is the owner and holder, pursuant to a valid endorsement, of the promissory note due to HSBC's failure to present adequate evidence of such; (2) the order of priority among creditors; (3) the sufficiency of identification of the court costs that HSBC sought to collect; and (4) the identification of the premises to be foreclosed upon. Because genuine issues of material fact exist, we vacate the judgment and remand for further proceedings.

## I. CASE HISTORY

[¶ 2] Janelle Gabay resides in Florida. She owns real property in Maine located at 19 Common Way Road in Naples.[2] On or about September 23, 2005,[3] Gabay executed and delivered a promissory note in the

---

1. HSBC filed its complaint in January 2009, before amendments to 14 M.R.S. §§ 6321–6325 became effective, but it filed its summary judgment motion on July 27, 2010, after the amendment's effective date. *See* P.L. 2009, ch. 402, §§ 17–20 (effective June 15, 2009); *see also* P.L.2009, ch. 476, §§ B–5 to B–9 (emergency, effective Feb. 24, 2010, applying retroactively to June 15, 2009). "[N]ew statutes and rules will ... apply to summary judgment motions filed after their effective dates, regardless of when the foreclosure action was commenced." *Chase Home Fin. LLC v. Higgins,* 2009 ME 136, ¶ 11 n. 2, 985 A.2d 508.

2. Except as otherwise noted, the facts are taken from HSBC's unopposed statement of material facts, *see* M.R. Civ. P. 56(h)(4), but only to the extent that the facts included in that statement are properly supported by references to the record, *see Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶¶ 6, 8–9, 770 A.2d 653 (stating that a statement of material facts "must ... contain specific record references *to each proffered fact"* and that the "record references must refer to evidence of a quality that could be admissible at trial") (emphasis in original).

 HSBC cites to portions of its complaint to support, in whole or part, two of its statements of material fact. Although the parties in this case both agree that HSBC cannot support a statement of material fact by record references to its own complaint, citing *Deutsche Bank Nat'l Trust Co. v. Raggiani,* 2009 ME 120, ¶ 6, 985 A.2d 1 ("A party's citation to its own complaint is insufficient to support a material fact."), we observe that Gabay did not file an answer to HSBC's unverified complaint. Generally, Gabay's failure to deny averments in HSBC's complaint results in treating the averments as admitted. *See* M.R. Civ. P. 8(d); *Casco N. Bank, N.A. v. Estate of Grosse,* 657 A.2d 778, 781 (Me. 1995). However, averments in HSBC's complaint are read strictly and are only deemed to support a statement of material fact if the specific reference cited properly supports the material fact.

3. HSBC's statement of material facts states that Gabay executed and delivered the promissory note "[o]n or about August 1, 2006," but the record reference in support of that statement of material fact states that the note was executed and delivered on or about September 23, 2005, which is also the date stated on the copy of the note included in the summary judgment record. Because of the inaccuracy of the statement of material fact, we would be within our province to disregard it. However, Gabay has not challenged that statement of material fact, and we do not focus on it given that we vacate the judgment on other grounds.

principal amount of $750,000 to Fremont Investment and Loan. To secure the note, Gabay executed and delivered a mortgage of "certain real property located in Naples, Cumberland County, Maine" to Mortgage Electronic Registration Systems, Inc. (MERS) on September 23, 2005, which mortgage was recorded.[4] Although the mortgage agreement, cited as support for HSBC's statement of material fact stating that the mortgage related to "certain real property located in Naples, Cumberland County, Maine," identifies the mortgaged property by street address, HSBC's statement of material facts does not specifically identify the property that is subject to the note and mortgage by street address.

[¶ 3] Gabay defaulted on the note and was in breach of the mortgage agreement when she failed to make the monthly payments due on the note beginning on September 1, 2008. A notice of the default dated October 17, 2008, was sent to Gabay, advising her of her opportunity to cure and of the intent to accelerate the maturity date of the note if the default was not cured. HSBC is the current holder of the mortgage. Although not stated in the statement of material facts itself, record references indicate that HSBC became the holder of the mortgage by virtue of an assignment from MERS dated December 22, 2008. HSBC stated in its statement of material facts that it is also the current holder of the note, although, for reasons discussed below, the citations offered in support of that fact do not properly support that statement.

[¶ 4] As of June 23, 2010, a total of $851,235.39 was due under the note and secured by the mortgage, with interest accruing at $169.64 per day, plus costs of collection, "including reasonable attorneys' fees and costs." Attorney fees consisted of a flat fee of $1500 for an uncontested foreclosure action requiring summary judgment. The terms of the mortgage provide that the lender has the right to collect all costs allowed by law, including reasonable attorney fees and costs of title evidence.

[¶ 5] On January 6, 2009, HSBC filed a complaint for foreclosure and sale against Gabay, naming Lake Sebago Estates Homeowners Association (the Association) as a party-in-interest.[5] HSBC did not reference the Association in its statement of material facts. According to his sworn certification, a deputy sheriff in Pinellas County, Florida, personally served a copy of the complaint and summons on Gabay in February 2009. Gabay did not file an answer.

[¶ 6] HSBC filed a motion for summary judgment on July 27, 2010. HSBC's statement of material facts was supported primarily by record references to an affidavit of a foreclosure manager at HSBC (the Lender affidavit). Gabay did not file an opposition to HSBC's summary judgment motion. On August 25, 2010, the court granted HSBC's motion for summary judgment. The court ordered Gabay to pay $852,735.39 within ninety days of the entry of judgment, and, if payment was not timely made, ordered the sale of the property.

 [¶ 7] Gabay sought and was granted an enlargement of time pursuant

---

4. Fremont Investment is identified in the note as the "Lender." There is no mention of Mortgage Electronic Registration Systems, Inc. (MERS) in the note. The mortgage agreement states that MERS is the nominee of the Lender, identified as Fremont Investment.

5. The Association filed a notice of lien against the property to secure unpaid fees, charges, and interest.

to M.R.App. P. 2(B)(5) to file a notice of appeal from the judgment of foreclosure and sale. Gabay stated that, notwithstanding the Florida sheriff's certification, she had not been served with the complaint, had not received a copy of HSBC's motion for summary judgment, and had no knowledge of the foreclosure action until she received a copy of the court's judgment in September 2010.[6] Gabay filed a notice of appeal on October 12, 2010, which the District Court deemed timely filed.[7]

## II. LEGAL ANALYSIS

[¶ 8] We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party to determine "whether the parties' statements of material facts and the referenced record evidence reveal a genuine issue of material fact." *JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 15, 10 A.3d 718. In so doing, we consider only the material facts set forth, and the portions of the record referred to, in the statements of material facts. *Salem Capital Grp., LLC v. Litchfield*, 2010 ME 49, ¶ 4, 997 A.2d 720. In summary judgment practice, the court "is neither required nor permitted to independently search a rec-

ord to find support for facts offered by a party." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653. A party's motion for summary judgment may not be granted if that party fails to properly put the material facts before the court, "regardless of the adequacy, or inadequacy, of the nonmoving party's response." *Id.* ¶ 5.

[¶ 9] HSBC contends that it need not properly identify which paragraph of a supporting record reference is the basis for a particular statement of material fact when (i) the supporting record is included in its entirety in the summary judgment record, or (ii) the critical paragraph in the record has been cited to support a different material fact. However, our rules require that each statement of material fact must directly refer the court to "the specific portions of the record from which each fact is drawn." *Id.* ¶ 9; M.R. Civ. P. 56(h)(1), (4). We have repeatedly noted the importance of applying the summary judgment rules strictly in the context of mortgage foreclosures. *See HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815; *JPMorgan Chase Bank*, 2011 ME 5, ¶ 15, 10 A.3d 718.

[¶ 10] "In residential mortgage foreclosure actions, certain minimum facts

---

6. By the time Gabay received the judgment and claimed first knowledge of the foreclosure action, the record indicates that no payments had been made on the note, and the mortgage had been in default, for more than two years.

7. HSBC argues that Gabay's appeal should be rejected for procedural reasons because she filed an appeal without first moving for relief from judgment pursuant to M.R. Civ. P. 55(c) or 60(b), citing primarily to opinions involving the entry of a default judgment rather than a summary judgment. We disregard arguments concerning Rule 55 because it applies only after the entry of default or default judgment. Despite Gabay's failure to answer the complaint, HSBC did not seek the entry of a default. Additionally, while we have de-

clined to exercise appellate jurisdiction on direct appeal in circumstances in which it would have been appropriate for a defaulted party to file a post-judgment motion pursuant to Rule 60(b) based on "prudential or procedural concerns rather than jurisdictional limitations," *Fleet Mortg. Corp. v. Cobb*, 611 A.2d 565, 566 (Me.1992), we do not find the same prudential or procedural concerns in this case following entry of a summary judgment, as opposed to entry of a default judgment. Summary judgment practice in foreclosure cases requires that the trial court examine the merits of the plaintiff's materials filed in support of summary judgment regardless of any inadequacies in a defendant's opposition to summary judgment. Accordingly, we address the merits of this appeal.

must be included in a mortgage holder's statement of material facts on summary judgment." *HSBC Mortg. Servs.*, 2011 ME 59, ¶9, 19 A.3d 815; *see also* M.R. Civ. P. 56(j). To support a summary judgment motion in a residential mortgage foreclosure action, the mortgage holder must include, at a minimum, the following facts in its statement of material facts, each supported by evidence of a quality that could be admissible at trial:

(1) The existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

(2) Properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

(3) A breach of condition in the mortgage;

(4) The amount due on the mortgage note, including any reasonable attorney fees and court costs;

(5) The order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

(6) Evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

(7) After January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

(8) If the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*HSBC Mortg. Servs.*, 2011 ME 59, ¶9 n. 6, 19 A.3d 815; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶11, 985 A.2d 508; *see also* M.R. Civ. P. 56(j) (providing, among other things, that a summary judgment may not be entered in a foreclosure action unless it is determined that "the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage").

[¶11] Our analysis focuses on the first, second, fourth, and fifth requirements listed above. We begin our discussion with the second requirement.

A. Ownership and Endorsement of the Note

 [¶12] As noted above, HSBC is required to include the following properly supported facts in its statement of material facts: "properly presented proof of ownership of the mortgage note ..., including all assignments and endorsements of the note...." *HSBC Mortg. Servs.*, 2011 ME 59, ¶9 n. 6, 19 A.3d 815; *Chase Home Fin.*, 2009 ME 136, ¶11, 985 A.2d 508.

[¶13] In its statement of material facts, HSBC asserts that it is the "current holder of the Note," citing to paragraph seven of its complaint and to paragraph four of the Lender affidavit. There are multiple deficiencies in this statement of material fact as it concerns proof of ownership of the note.

[¶14] First, neither of the citations included to support the bare factual statement that HSBC is the current holder of the note properly supports that factual statement. The cited paragraph of the Lender's affidavit refers only to HSBC's being the current holder of the mortgage. The cited paragraph of the complaint asserts that "[HSBC] is the current holder of

the Note and Mortgage by virtue of an assignment dated on or about December 22, 2008." However, the assignment expressly referred to in that averment, which assignment was not attached to the complaint but which is included in the summary judgment record, did not assign the note to HSBC. The December 22, 2008, assignment, entitled "ASSIGNMENT OF MORTGAGE," assigned MERS's interest in the mortgage, but not the note, to HSBC.[8]

[¶ 15] While an averment in a complaint that a defendant has failed to deny is generally deemed admitted, *see* M.R. Civ. P. 8(d), the statement in HSBC's complaint that it is the current holder of the note pursuant to the December 22, 2008, assignment is not sufficiently supported in the context of a residential mortgage foreclosure proceeding. When, as here, the mortgage-holder must strictly comply with the requirements of 14 M.R.S. §§ 6321–6325 and M.R. Civ. P. 56(j), the paragraph of HSBC's complaint cited in support of HSBC's statement of material facts providing that it is the current holder of the note does not properly support that fact.

[¶ 16] An additional deficiency in HSBC's statement of material facts is that HSBC failed to include any facts relating to "properly presented proof of . . . all assignments and endorsements of the note." *Chase Home Fin.*, 2009 ME 136, ¶ 11, 985 A.2d 508. HSBC was required to provide such proof, as it is undisputed that the note was originally executed and deliv-

ered to Fremont Investment. HSBC suggests in its brief, but does not specify in its statement of material facts, that the summary judgment record contains evidence of a valid endorsement of the note to HSBC including (1) paragraph two of the Lender's affidavit, which states that HSBC holds the note pursuant to a special endorsement, and (2) a copy of the purported endorsement itself, included in the record as a separate page accompanying, but not discernably affixed to, a photocopy of the note. Because the statement of material facts contains no fact concerning properly presented proof as to any endorsement of the note, however, much less a statement supported by proper record references, we will not independently search the record to find such evidence, *see id.* ¶ 12 n. 4; *Levine*, 2001 ME 77, ¶ 9, 770 A.2d 653, and HSBC would not be entitled to judgment as a matter of law.

[¶ 17] Our statement that we will not, and trial courts should not, independently search a record to find evidence to support a party's claim when that claim is insufficiently referenced in that party's statement of material facts is no mere technicality to make summary judgment practice more difficult. Certainly in each individual case it can be argued, as HSBC argues here, that review of the entire record, with the specific facts now identified in the brief on appeal, demonstrates that there really is no material fact in dispute. Such arguments illustrate the need to identify material facts with specific citations to the record in the statement of material facts filed

---

8. The December 22, 2008, assignment also states that MERS "does hereby grant, bargain, sell, assign, transfer, and set over" the mortgage to HSBC "together with the mortgage note secured thereby," but the summary judgment record does not show that MERS had an interest in the note that it could assign to HSBC. In fact, HSBC relies on a document in the summary judgment record that purports to be an endorsement of the note, but the endorsement is signed by a vice president of Fremont Investment and Loan, making the note payable to HSBC. If we were to give this endorsement any credence, it would undermine any argument that MERS had an interest in the note that it could and did assign to HSBC.

in the trial court. If an essential fact can be stated, with a proper record reference, in a brief on appeal, that fact could have and should have been stated, with a proper record reference, in the statement of material facts filed in the trial court. Before easy identification by brief on appeal, the information to make an inadequate statement of material facts complete may have been locatable only by a search of a record of fifty, one hundred, or more pages. Placing every material fact in the statement of material facts, with a proper record citation, as the rules require, avoids the necessity for such a time-consuming search. Trial courts, who may have to consider multiple motions for summary judgment at a time, could be considerably burdened searching for facts through hundreds of pages of records, if the rules requiring complete, properly supported statements of material facts are not enforced on appeal.

[¶ 18] Because HSBC's statement of material facts fails to properly present proof of ownership of the mortgage note, including all assignments and endorsements of the note, genuine issues of material fact regarding HSBC's ownership of the note exist, precluding entry of judgment as a matter of law.

## B. Identification of the Premises

[¶ 19] Gabay argues that HSBC relies upon documents in the summary judgment record to provide an adequate description of the mortgaged premises, but that the documents relied upon, primarily the mortgage agreement, fail to state a comprehensive, complete description of the premises to be foreclosed because the sixth page of the addendum to the mortgage agreement appears to be missing. Gabay argues generally that HSBC has not met the requirement that it provide "an adequate description of the mortgaged premises, including the street address, if any." *HSBC Mortg. Servs.*, 2011 ME 59, ¶ 9 n. 6, 19 A.3d 815; *Chase Home Fin.*, 2009 ME 136, ¶ 11, 985 A.2d 508.

[¶ 20] Contrary to Gabay's assertion, the supporting documentation in the form of the mortgage agreement and addendum adequately states the "existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address." Despite the availability of the requisite information in documents in the record, however, there is a deficiency in HSBC's statement of material facts.

[¶ 21] The first statement of material fact states that Gabay "is the owner of real property located in Cumberland County at 19 Common Way Road, Naples." However, the fact that an individual owns real property at a particular location does not establish that the identified property is the mortgaged property, particularly when, as here, the defendant may own more than one parcel of real estate. The third statement of material fact states that Gabay executed and delivered a mortgage "of certain real property located in Naples, Cumberland County, Maine, which Mortgage was recorded in the Cumberland County Registry of Deeds" at a certain book and page number. The statement of material facts does not, however, specifically link the two facts, i.e., to state outright that the property owned by Gabay and identified as located at 19 Common Way Road in Naples is, in fact, the mortgaged premises, which mortgage is recorded at a particular book and page number.

[¶ 22] The rule is straightforward. "Facts not set forth in the statement of material facts are . . . not in the summary judgment record," even if the fact in question can be gleaned from affidavits or other documents attached to, and

even referred to in portions of, a statement of material fact. *Chase Home Fin.*, 2009 ME 136, ¶ 12 & n. 4, 985 A.2d 508. Viewing HSBC's statement of material facts in a light most favorable to Gabay, as we must, HSBC's statement of material facts does not contain an adequate description of the mortgaged premises including a street address. *See HSBC Mortg. Servs.*, 2011 ME 59, ¶ 9 n. 6, 19 A.3d 815; *Chase Home Fin.*, 2009 ME 136, ¶ 11, 985 A.2d 508.

## C. Order of Priority

[¶ 23] A mortgage holder's statement of material facts must include "the order of priority and any amounts that may be due to other parties in interest, including any public utility easements." *HSBC Mortg. Servs.*, 2011 ME 59, ¶ 9 n. 6, 19 A.3d 815; *Chase Home Fin.*, 2009 ME 136, ¶ 11, 985 A.2d 508.

[¶ 24] The court file reveals a variety of court filings, including the complaint and an affidavit filed by the Association a month after HSBC filed its motion for summary judgment, that provide information concerning the Association's having an interest in or a lien on the subject property and the amount due to the Association. The information in these documents was not, however, incorporated into the summary judgment record because HSBC's statement of material facts fails to include "the order of priority and any amounts that may be due to other parties in interest," as required.

[¶ 25] A court will consider only those facts set forth in a statement of material facts, as included in the summary judgment record, and will not consider facts submitted outside of the summary judgment process. *Chase Home Fin.*, 2009 ME 136, ¶ 12 n. 4, 985 A.2d 508; *Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 26, 948 A.2d 1251 (holding that the court erred in granting a summary judgment to a bank in a foreclosure action when the court considered deposition transcripts and an exhibit the bank submitted outside of the Rule 56 process after it filed its statement of material facts). Viewing the summary judgment record in a light most favorable to Gabay, a genuine issue of material fact exists as to the order of priority and amounts due to other parties-in-interest.

## D. Costs

[¶ 26] A mortgage holder's statement of material facts must include "the amount due on the mortgage note, including any reasonable attorney fees and court costs." *HSBC Mortg. Servs.*, 2011 ME 59, ¶ 9 n. 6, 19 A.3d 815; *Chase Home Fin.*, 2009 ME 136, ¶ 11, 985 A.2d 508.

[¶ 27] HSBC states in its statement of material facts that it is entitled to collect "all reasonable expenses of this proceeding, including reasonable attorney's fees and costs," citing to paragraph eight of the Lender's affidavit and to the mortgage agreement, but the statement of material fact and the supporting record references do not specify what those costs are. Although documents in the summary judgment record contain information as to costs, included in an attorney affidavit referring to $722 in costs-to-date, HSBC failed to state the amount of costs in its statement of material facts and to cite to the attorney affidavit in support of its statement concerning costs. The amount of costs due as part of the amount due on the mortgage was not, therefore, included in the summary judgment record as required. *See Chase Home Fin.*, 2009 ME 136, ¶ 12 n. 4, 985 A.2d 508.

The entry is:

Summary judgment vacated. Remanded for further proceedings.