STATE OF MAINE                                   SUPERIOR COURT
Sagadahoc, ss.                                   Docket No. RE-11-10
                                                 AMH -SAG - 5/7/2012

FIRST FEDERAL SAVINGS AND
LOAN ASSOCIATION OF BATH

                    Plaintiff,

                                                 **ORDER ON MOTION**
          v.                                     **FOR SUMMARY**
                                                 **JUDGMENT**

TERRANCE H. GEAGHAN

                    Defendant,


          The plaintiff moves for summary judgment in an action for foreclosure brought

pursuant to 14 M.R.S.A. § 6321, et seq. Regardless of whether the defendant has filed an

objection, this motion is subject to Rule 56(j), which imposes detailed requirements for

granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court has an

independent obligation to ensure compliance with this rule. M.R. Civ. P. 56(j) advisory

committee's note to 2009 amend.[2]

---

[1] M.R. Civ. P. 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title
> 14, Chapter 713 of the Maine Revised Statutes except after review by the court and
> determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and
> these rules have been strictly performed; (ii) the plaintiff has properly certified proof
> of ownership of the mortgage note and produced evidence of the mortgage note, the
> mortgage, and all assignments and endorsements of the mortgage note and the
> mortgage; and (iii) mediation, when required, has been completed or has been waived
> or the defendant, after proper service and notice, has failed to appear or respond and
> has been defaulted or is subject to default.

[2] The Advisory Committee note states:

> This amendment to Rule 56 is designed to assure that, prior to entry of any
> summary judgment in a foreclosure action, the trial court reviews the record and
> determines that, as required by law, the notice and service requirements of law have
> been complied with and any available mediation has been completed or has been
> waived.

M.R. Civ. P 56(j) advisory committee's note.

1

The court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. It is not sufficient that the record contains all of the required information; the facts must be specifically stated in the statement of material facts and supported by proper record references. *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 16, 28 A.3d 1158. "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." M.R. Civ. P. 56(h)(4); *see also Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 12 n. 4, 985 A.2d 508 (citing *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 5, 770 A.2d 653); *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158.

The court denies the Plaintiff's motion on the following grounds unless additional materials are submitted in accordance with the order stated below:

## Plaintiff's Affidavit in Support of the Motion for Summary Judgment

The Plaintiff's affidavit in support of the motion is deficient in laying a proper foundation for the admission of business records over the hearsay objection. In order to admit such records into evidence, the custodian of the records or other qualified witness must establish (1) that the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a personal with personal knowledge of the events recorded therein; (2) that the record was kept in the course of a regularly conducted business; (3) that it was the regular practice of the business to make records of the type involved; and (4) that there is no lack of trustworthiness from the source of information from which the record was made or the method or circumstances under which it was

2

prepared. *See HSBC Mortgage Services, Inc. v. Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815; M.R. Evid. 806(3).

The Plaintiff's affidavit of Andrew C. Perry does not meet this standard. Although Perry swears that the records are under his custody and control, he does not provide the court any indication that the records were made at or near the time of the events, made by or from information transmitted by a personal with personal knowledge of the events, nor that it was the regular course of business to make such records. Without a proper foundation the business records attached to the Perry affidavit constitute inadmissible hearsay and cannot be used by the Plaintiff to support its statements of material fact.

## Attorney's Affidavit in Support of the Motion for Summary Judgment

Some of the Plaintiff's statements of material fact include record citations to an affidavit made by attorney Zachary I. Greenfield. That affidavit states that Attorney Greenfield's "knowledge of the facts set forth in this affidavit is derived from records made in the ordinary course of business of Monaghan Leahy, LLP, and it is the regular practice of Monaghan Leahy, LLP, to make these records." (Greenfield Aff. ¶ 1.) Similar to the Perry affidavit, this statement does not lay a sufficient foundation for records to be admissible over the hearsay rule. Because the affiant does not state that any of the facts set forth in the affidavit are based on personal knowledge, none of the statements in the affidavit may be used as support for the Plaintiff's statements of material fact.

## Service and Mediation

The court notes that statement of material fact, paragraphs 14 and 15, indicate that the Plaintiff complied with the requirements of 14 M.R.S. § 6321-A(2) and M.R. Civ. P. 93(c)(4). However, the cited affidavit is insufficient to support these facts.

## Breach

3

The Plaintiff supports the fact that failure to pay is a breach of a condition of the mortgage with a citation to the mortgage document and the Plaintiff's affidavit. The mortgage is hearsay because of the failure of the affidavit to lay a proper foundation for the business records exception. Also, the plain assertion in the affidavit that there was a failure to pay is not sufficiently supported. Where the affiant's knowledge is derived from the business records, the business records showing the fact must be attached.

## Amount Due

The amount due stated in paragraph 9 of the statement of material facts is not supported by the record citation because there are no records attached to the Plaintiff's affidavit demonstrating that this is the amount owed on the Note. The Plaintiff's affidavit states that all the facts set forth therein are based on the affiant's knowledge derived from those records. Assuming that the Plaintiff can establish a proper foundation for the admission of business records, it must attach those records in order for that evidence to be admitted. The Attorney Affidavit submitted in support of the attorney's fees and costs also does not include the records on which the affiant relies.

## SCRA

The Plaintiff's statement of material facts states that the Defendant is not a minor, incompetent, or person in military service (*see* SMF ¶ 16), but the citation to the record does not support this statement. First, the Perry affidavit purports to be based solely on the business records kept in connection with the subject loan but there is no business record attached to the affidavit regarding the Defendant's status as a minor or incompetent person. Second, the affidavit does attach a document regarding the Defendant's status as a military person but, even if the affidavit did properly lay the foundation for the business records exception, this document is not a business record of the Plaintiff. According to the affiant

4

and the document itself, it is a record maintained by the United State Department of Defense Manpower Data Center. Furthermore, as M.R. Civ. P. 55(b)(4) states, the affidavit showing that the defendant is not in military service must be "on the affiant's own knowledge." While the document submitted is evidence of a defendant's status in military service, and may well serve as a basis of an affiant's knowledge, the affidavit in this case does not purport to be based on the affiant's actual knowledge.

Accordingly,

the Court **ORDERS** that the Plaintiff may submit further evidence and documentation by affidavit and additional Rule 56(h) statements within 30 days of the date of this Order, to which the defendant may respond. If nothing further is received, the Motion is **DENIED**. The Plaintiff is also directed to submit a revised proposed judgment that complies with 14 M.R.S.A. §2401(3). Specifically, the information contained on page 4 of the proposed judgment, including the statement that all parties received notice pursuant to 14 M.R.S. § 2401, the names and addresses of the parties and their counsel, and the description of the real estate involved, should be contained in the judgment above the signature of the judge. This page of the proposed judgment is not labeled as an exhibit and there is no reference to an exhibit within the proposed judgment, therefore, as drafted it is not part of the judgment.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _May 7, 2012_

_____
A. M. Horton
Justice, Superior Court

FIRST FEDERAL SAVINGS AND LOAN ASSOC OF BATH - PLAINTIFF

Attorney for: FIRST FEDERAL SAVINGS AND LOAN ASSOC OF
BATHARY I GREENFIELD  - RETAINED 05/02/2011
MONAGHAN LEAHY LLP
95 EXCHANGE ST
PO BOX 7046
PORTLAND ME 04112-7046


vs
TERRANCE H GEAGHAN  - DEFENDANT
PO BOX 292
BATH ME 04530

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-RE-2011-00010


**DOCKET  RECORD**