STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         Docket No. RE-12-256
                                        TDW — CUM- 8/14/2012

UNITED STATES OF AMERICA, acting
through THE RURAL HOUSING
SERVICE, USDA, f/k/a FARMERS
HOME ADMINISTRATION,

                    Plaintiff

                                             ORDER ON MOTION
        v.                                  FOR SUMMARY JUDGMENT

MARK W. CHASE and THERESA
MCCLURE,

                    Defendants


        Before the court is plaintiff's motion for summary judgment in an action

for foreclosure brought pursuant to 14 M.R.S. § 6321 et seq. The plaintiff's motion

is subject to Rule 56(j), which imposes detailed requirements for granting

summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court must

also determine if the mortgage holder has set forth in its statement of material

facts the minimum facts necessary for summary judgment in a residential

mortgage foreclosure. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985

A.2d 508.

        The plaintiff fails to meet the requirements for a summary judgment of

foreclosure, as the plaintiff failed to attach the referenced exhibits to the Affidavit

---

[1] M.R. Civ. P. 56(j) states, in part:
    No summary judgment shall be entered in a foreclosure action filed
    pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except
    after review by the court and determination that (i) the service and notice
    requirements of 14 M.R.S. § 6111 and these rules have been strictly
    performed; (ii) the plaintiff has properly certified proof of ownership of
    the mortgage note and produced evidence of the mortgage note, the
    mortgage, and all assignments and endorsements of the mortgage note
    and the mortgage; and (iii) mediation, when required, has been completed
    or has been waived or the defendant, after proper service and notice, has
    failed to appear or respond and has been defaulted or is subject to default.

of Laurie Buress. Along with other referenced materials, the plaintiff failed to provide copies of the note, mortgage, and notice of default. The Plaintiff's Affidavit states that these exhibits are attached thereto but in the absence of the attachments, the only evidence offered consists of Ms. Buress's statements as to the contents of business records, and her statements are hearsay.

This court cannot consider materials in the file that are not properly introduced. *See* M.R. Civ. P. 56(h)(4). The Law Court has held that trial courts should no independently search a record to find evidence to support a party's claim when that claim is insufficiently referenced in that party's statement of material facts. *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101 ¶ 17, 28 A.3d 1158.

The entry shall be:

Plaintiff's motion for summary judgment is denied. The Clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 14 August 2013

Hon. Thomas D. Warren
Justice, Superior Court

---------------------------------------------------------------------------

01 0000002791            BRODERICK, RICHARD JR
    PO BOX 5 LINCOLN ME 04457
    F        UNITED STATES OF AMERICA                PL        RTND    07/18/2012

02 0000009871            LOGAN, SCOTT J
    75 PEARL STREET SUITE 212 PORTLAND ME 04101
    F        MARK W CHASE                            DEF       RTND    10/23/2012