ENTERED NOV 2 1 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-0423

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Plaintiff

    v.

TINA SMITH,

      Defendant

and

EVERGREEN CREDIT UNION,

      Party-in-Interest

ORDER ON MOTION
FOR SUMMARY JUDGMENT

STATE OF MAINE
Cumberland. ss, Clerk's Office

MAY 2 3 2014

RECEIVED

Before the court is a motion by plaintiff Federal National Mortgage Association for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. No opposition to the motion has been filed.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j). The court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its statement of material facts the acts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Finance LLC v. Higgins*, 2009 ME 136 ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that the requirements for a summary judgment of foreclosure have not been met for the following reasons:

The plaintiff fails to properly "certify proof of ownership of the mortgage note . . . ., including all assignments and endorsements of the note . . . ." 14 M.R.S. § 6321; *see HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101 ¶¶ 12, 14 & n.8, 28 A.3d 1158. In its statement of material facts, the plaintiff states that the defendant executed and delivered a promissory note to RateStar, Inc., citing to paragraph two of Kurt Bowling's affidavit (Bowling Affidavit). (Pl.'s S.M.F. ¶ 4.) Paragraph two of the Bowling affidavit includes assertions that the plaintiff is the current holder of the promissory note and that the note "bears a blank endorsement that allows the Plaintiff to enforce the Note". However, the note, attached as exhibit A, does not bear a blank endorsement. (Bowling Aff. ¶ 2, Ex. A.) An undated allonge is attached to the note, but the allonge includes an endorsement to "Countrywide Document Custody Services, a Division of Treasury Bank, N.A." *Id.*

The August 2012 mortgage assignment, attached to the Bowling Affidavit, states that the assignor, namely Mortgage Electronic Registration Systems, Inc. (MERS) assigned its interest in the mortgage to Bank of America, N.A. (Pl.'s Ex. C). The MERS assignment states that MERS assigns "all beneficial interest under [the mortgage] together with the note(s) and obligations therein described" to the Bank of America, but the summary judgment record does not show that MERS had any interest in the note (as opposed to the mortgage) that it could assign to Bank of America. *See HSBC Bank USA*, 2011 ME 101 ¶¶ 14 & n.8.

The Bank of America subsequently assigned the mortgage, "together with the note(s) and obligations therein described" to FNMA on October 11, 2012. (also part of Pl.'s Ex. C). It is far from clear that a mortgage assignment can take the place of a proper endorsement on the note. In any event, as set forth above, the note was most recently endorsed to Countrywide Document Custody Services, a division of Treasury Bank, so

2

the Bank of America did not have any interest in the note that could have been transferred by the October 11, 2012 mortgage assignment.

Additionally, the plaintiff has not demonstrated that affiant Kurt Bowling is qualified to testify as to the defendant's default and the amount due. *See Beneficial Maine, Inc. v. Carter*, 2011 ME 77 ¶¶ 14-16, 25 A.3d 96; M.R.Evid. 803(6); M.R. Civ. P. 56(e). Plaintiff asserts that it was assigned the mortgage on October 11, 2012; however, Mr. Bowling states that the alleged default occurred in July 2012. (Bowling Aff. ¶¶ 4-5.) It is unclear to the court when Mr. Bowling's employer began servicing the loan, and whether Mr. Bowling relied on documents that were created by other entities. Furthermore, Mr. Bowling makes assertions regarding the default and amount due without citing to, or attaching, any business records.[1] (Bowling Aff. ¶¶ 5, 7-8); *see* M.R. Civ. P. 56(e).

The entry shall be:

Plaintiff's motion for summary judgment is denied. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _5/29/14_

_____
Thomas D. Warren
Justice, Superior Court

---

[1] A document entitled "Loan Judgment Figures" is attached to the Bowling Affidavit; however, this document has not been properly authenticated, and Mr. Bowling does not cite to the document. *See* M.R.Evid. 901.

3

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

TINA M SMITH    *Defendant*
15 LINCOLN CIRCLE
WINDHAM ME 04062

JEFFREY J HARDIMAN ESQ    *Plaintiff's Attorney*
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET RI 02860

JOSHUA R DOW ESQ    *Party in Interest Attorney*
PEARCE & DOW LLC
PO BOX    ;
PORTLAND ME 04112

*5/29/2014*