ENTERED OCT 1 4 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-397
CUM-NM-10-08-14

THE BANK OF MAINE,

     Plaintiff

v.

THOMAS E. JONES,

     Defendant

and

ATLANTIC REGIONAL
FEDERAL CREDIT UNION,

and

ARTHUR POWERS, III,

     Parties-in-interest

ORDER ON PLAINTIFF'S
SECOND MOTION FOR
SUMMARY JUDGMENT
AND MOTION FOR ENTRY
OF DEFAULT AND DEFAULT
JUDGMENT

STATE OF MAINE
Cumberland ss Clerk's Office

OCT 08 2014

RECEIVED

Before the court is plaintiff's second motion for summary judgment in a foreclosure action brought pursuant to 14 M.R.S. §§ 6321-6325 (2013) and a request for entry of default and default judgment. See M.R. Civ. P. 55, 56. Neither the defendant nor either party-in-interest filed an opposition to plaintiff's motions. For the following reasons, the motions are denied.

Summary Judgment

Plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j). The court is required to determine independently if those requirements have

---

Rule 56(j) states, in part:
    No summary judgment shall be entered in a foreclosure action filed pursuant to
    Title 14, Chapter 713 of the Maine Revised Statutes except after review by the

been met and is also required to determine whether the mortgage holder has set forth in its statement of material facts the evidence necessary for a judgement of foreclosure. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing Chase Home Fin. LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508) (listing the elements of proof necessary to support a judgment of foreclosure).

After review, the court concludes plaintiff has failed to provide: (1) evidence of properly served notice of default and mortgagor's right to cure that complies with statutory requirements or the inapplicability of such notice requirements pursuant to 14 M.R.S. § 6111; (2) proof of exemption from the mediation requirements of 14 M.R.S. § 6321-A; (3) compliance or exemption from the notice requirements of section 6321-A(2); and (3) any amounts that may be due to other parties-in-interest. See 14 M.R.S. §§ 6111; 6321-A; 6321-A(2); Greenleaf, 2014 ME 89, ¶ 18, 96 A.3d 700; Lubar v. Connelly, 2014 ME 17, ¶ 38, 86 A.3d 642.

The first three deficiencies in proof cited above result from the plaintiff's allegation that the property at issue is a "commercial/business property," thus relieving plaintiff from its obligation to provide notice in compliance with 14 M.R.S. § 6111 and 6321-A(2) as well as the mediation requirements of 14 M.R.S. § 6321-A(6). (See Supp. S.M.F. ¶¶ 14, 17; Bean Aff. ¶¶ 14, 17; Pl.'s Ex. D.) Neither the note nor the mortgage supports plaintiff's allegation.[2] (Pl.'s Exs. A, B.) To the contrary, the mortgage provides

court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.
M.R. Civ. P. 56(j).

[2] Nowhere in the note does it state explicitly that the loan is for commercial purposes. The note does contain clauses that are not commonly found in a residential loan. Under the portion of the note entitled "Default," the note states that the "death of the borrower or the dissolution or

2

that it was "made and executed by [defendant], whose address is 89 Pleasant Street, Brunswick, ME 04011," the address of the mortgaged property.[3] (Pl.'s Ex. B.)

Plaintiff alleges in its statement of material facts that defendant "is of Brunswick, County of Cumberland and State of Maine." (Supp. S.M.F. ¶ 2.) This statement does not clarify whether the loan was for commercial purposes or whether defendant resides at the property. Plaintiff's allegation in its statement of material fact that the property is a "commercial/business property" at which the defendant does not reside is not properly supported by a record citation. See M.R. Civ. P. 56(e); (Supp. S.M.F. ¶ 17.) This statement refers to the affidavit of the plaintiff's employee, Erica Bean. (Supp. S.M.F. ¶ 17; Bean Aff. ¶ 17.) Ms. Bean does not reference any of plaintiff's records to support the allegation that the property is commercial in nature and that defendant does not reside there.[4] (Pl.'s Aff. ¶ 17.)

In foreclosure actions it is imperative that an affiant cite to a business record for every assertion when the affiant claims her knowledge of the facts set forth in the

termination of the borrowers existence as a going business" constitutes a default event. Another default event listed is the "garnishment of any of Borrower's accounts." (Pl.'s Ex. A.)

Like the note, the mortgage contains provisions that are not commonly found in residential mortgages but does not explicitly state that it is granted to secure a business/commercial loan. For example, the mortgage states "Grantor grants to Lender a Uniform Commercial Code security interest in the Personal property and Rents." It also provides that Grantor shall have the right to "use, operate, or manage the property; and . . . collect rents from the property." There is, however, no restriction on the use of the property as the grantor's primary residence. In fact, the mortgage also states, "if the property is used for purposes other than Grantor's residence," which indicates that the property may be used as the defendant's residence. In any event, the court is not required to "independently search a record to find evidence to support a party's claim when that claim is insufficiently referenced in that party's statement of material fact." HSBC Bank USA, N.A. v. Gabay, 2011 ME 101, ¶ 17, 28 A.3d 1158.

[3] The note also lists the address of the mortgaged property as defendant's address. (Pl.'s Ex. A.)

[4] Ms. Bean references defendant's failure to answer the complaint as support for the allegation that mediation is not required. (Bean Aff. ¶ 17.) Although a plaintiff is generally relieved from participating in mediation if a defendant fails appear, there is no evidence that the plaintiff sent defendant notice of his right to mediation as required. See M.R. Civ. P. 93(c)(1); 14 M.R.S. § 6321-A(2) (2013). Defendant's failure to answer the complaint provides no support for Ms. Bean's assertions that the property is commercial/business property or that defendant does not reside at the property.

3

affidavit are derived from a review of the plaintiff's records. See HSBC Mortg. Servs., Inc. v. Murphy, 2011 ME 59, ¶ 9, 19 A.3d 815 (in foreclosure actions, "the information supplied by the affidavits is largely derivative because it is drawn from a business's records, and not from the affiant's personal observation of events."); (Bean Aff. ¶¶ B-E.) Ms. Bean's assertions, without more, are insufficient to establish the facts regarding the nature of the property and defendant's residence. Accordingly, plaintiff has not demonstrated compliance with the statutory notice requirements. 14 M.R.S. §§ 6111,[5] 6321, 6321-A(2).

Additionally, plaintiff's statement of material fact regarding the amount due to party-in-interest Arthur Powers, III, is not supported by the record reference. Plaintiff cites to Mr. Powers's answer to plaintiff's complaint to support its assertion that Mr. Powers is entitled to $10,236. (Supp. S.M.F. ¶ 20(c).) Mr. Powers's answer dated November 12, 2013, does not contain any numbers.[6] See HSBC Bank USA, N.A. v. Gabay, 2011 ME 101, ¶ 9, 28 A.3d 1158. Plaintiff has failed to establish any amounts that may be due to other parties-in-interest. See Lubar, 2014 ME 17, ¶ 38, 86 A.3d 642.

Entry of Default and Default Judgment

Because of the deficiencies discussed, plaintiff has not established that it complied with or is exempt from the notice requirements of 14 M.R.S. § 6111. Entry of default or a default judgment is not warranted. See M.R. Civ. P. 55(a).[7]

---

[5] The notice produced by plaintiff does not comply with the statutory requirements because it does not provide for any cure period prior to acceleration of the full amount due. See 14 M.R.S. § 6111(1); (Pl.'s Ex. D-1.)

[6] A writ of execution is attached to the document filed by Mr. Powers on 12/13/13. This document is not referenced by plaintiff. In any event, the figure of $10,236 is incorrect based on the writ.

[7] M.R. Civ. P. 55(a) provides:

> (1) Foreclosure Actions. No default or default judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly

4

The entry is

> Plaintiff's Second Motion for Summary Judgment and Motion for an Entry of Default and Default Judgment are DENIED.

Dated: 10/8/14

Nancy Mills
Justice, Superior Court

CUMB RE-13-397

---

performed, and (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage.

5

KATHLEEN KONKOLY ESQ
JENSEN BAIRD GARDNER & HENRY
11 MAIN ST
SUITE 4
KENNEBUNK ME 04043

PII Atlantic regional
FCU

RICHARD CURRIER ESQ
CURRIER & TRASK
55 NORTH ST
PRESQUE ISLE ME 04769

- Pltf

THOMAS JONES
656 GURNET RD
BRUNSWICK ME 04011

Unrepresented

ARTHUR POWERS III
31 GROVER LANE
HARPSWELL ME 04079

- pro se