STATE OF MAINE                                          SUPERIOR COURT
YORK, ss.                                               CIVIL ACTION
                                                        DOCKET NO.: AP-16-24

**MANON COTE, and**
**SYLVAIN THERIAULT,**

                    Plaintiffs,

                                                        **ORDER**

            v.

**ROGER VALLEE, and**
**MELODY VALLEE,**

                    Defendants.


## I.      Background

### a.  Procedural History

This action arises out of a dispute between neighbors over a well. In December 2015, plaintiffs Manon Cote and Sylvain Theriault brought a small claims action against defendants Roger and Melody Vallee seeking judgment in the amount of $6,000. After a hearing, the district court found for plaintiffs and entered judgment against defendants for $6,000. Defendants filed a motion seeking findings of fact and conclusions of law, which the district court denied.

Thereafter, on May 26, 2016, defendants appealed to this court and requested a jury trial de novo. The court granted the request for a jury trial. In its order the court also permitted either party to move for summary judgment by December 30, 2016. On December 19, 2016, defendants moved for summary judgment arguing that the license agreement was specific to plaintiffs and not their tenants and that to the extent the license is enforceable by plaintiffs that the fire caused frustration of the purpose and illegality. Plaintiffs opposed the motion arguing that there was a contract. The court heard argument on the motion on May 10, 2017.

1

### b. Facts

Plaintiffs purchased a home from defendants in 2013. The parties executed a purchase and sales agreement on February 6, 2013. (DSMF ¶ 4.) The relevant condition of the purchase and sales agreement stated, "seller agrees to supply water from his well as long as mobile home will be used by buyer." (PASMF ¶ 1.) On May 31, 2013, at the closing the parties also executed a "license agreement" by which plaintiffs were granted the right to "utilize water from the well as long as the mobile home located on the property of [plaintiffs] is occupied and/or used by [plaintiffs.]" (DSMF ¶ 2.)

On June 14, 2015, defendants' home burned down and the electricity to their house and the well was turned off. (DSMF ¶ 7.) Parties dispute the series of events following the fire. However, they agree that after the fire plaintiffs did not obtain water from the well again. Plaintiffs paid $5,196.84 to install a new well on their property. (PASMF ¶ 14.) They also incurred other costs in supplying water to their tenants at the property prior to the installation of the new well. (PASMF ¶ 5.) They brought this action against defendants seeking judgment in the amount of $6,000 to recover the costs.

## II. Discussion

### a. Summary Judgment

"Entry of a summary judgment is appropriate only if the portions of the evidentiary record 'referred to in the statements [of material facts show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law.'" *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169 (quoting M.R. Civ. P. 56(c). For the purpose of summary judgment the court views "the evidence in the light most favorable to the nonmoving party to determine whether the parties' statements

2

of material facts and the referenced record evidence reveal a genuine issue of material fact." *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158. "In so doing, the appellate court considers only the material facts set forth, and the portions of the record referred to, in the statements of material facts." *Id.*

"When, as here, a defendant moves for summary judgment, the plaintiff 'must establish a prima facie case for each element of her cause of action' that is properly challenged in the defendant's motion." *Curtis v. Porter*, 2001 ME 158, ¶ 8, 784 A.2d 18.

### b. "License Agreement"

Defendants contend plaintiffs had a mere license to utilize water from their well and as such defendants could revoke the license at any time. Plaintiffs counter that defendants were obligated by contract to supply water to plaintiffs' property.

"A license . . . is a *'personal privilege* to do an act or acts in relation to another's land." *Testa's, Inc. v. Coopersmith*, 2014 ME 137, ¶ 14, 105 A.3d 1037 (quoting *Reed v. A. C. McLoon & Co.*, 311 A.2d 548, 552 (Me. 1973)) (emphasis added). "A license creates no interest in land, may be created orally, and is revocable, unless coupled with an interest." *Id.* Therefore, if the two writings only constitute a license then defendants were able to revoke it without liability.

On the other hand, if they constitute a contract then plaintiffs may have enforceable rights against defendants. Defendants argues the agreement was not a contract (or easement) because there was no consideration for the license agreement. Plaintiffs assert that the agreement was part of the purchase and sales agreement for which earnest money deposit was paid for consideration and that consideration for the "license agreement" was plaintiffs agreement to go forward with closing. "The intent of the parties in entering a contract, *whether a contract exists*, and whether a breach has occurred are all questions of fact . . . ." *Forrest Assocs. v. Passamaquoddy Tribe*,

3

2000 ME 195, ¶ 9, 760 A.2d 1041 (emphasis added). Therefore, the court declines to decide whether the agreement is enforceable as a contract at this stage.

### c. Enforceability

Defendants also argue that the fire "frustrated the purpose" and made performance of the license illegal. This argument is based on their assertion that the town's code enforcement officer told them electricity could not be reconnected to the house due to standing water in the cellar and therefore could not connect electricity to the well. Plaintiffs dispute these factual assertions. They argue that the well was not located in the basement and electricity could have been run to it without violating any ordinances. This dispute is a genuine issue of material fact not properly resolved on a motion for summary judgment.

### d. Extinguishment

Defendants argue plaintiffs' acts in installing a new well on their property extinguished the license. As stated above, if there was only a license agreement between the parties then the defendants could have extinguished it at any time. Plaintiffs own acts, however, do not extinguish a license, nor do they render a contract, if one existed, unenforceable. Drilling a well may have mitigated plaintiffs' damages caused by defendants' alleged breach of contract.

## III. Conclusion

In light of the above, defendants' motion for summary judgment is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P.79(a).

DATE: May 12, 2017

_____
John H. O'Neil, Jr.
Justice, Maine Superior Court

ENTERED ON THE DOCKET ON: 5/15/17

4

AP-16-24


ATTORNEY(S) FOR PLAINTIFF/APPELLEE

MICHAEL O'TOOLE, ESQ.
WOODMAN EDMANDS DAYLIK
PO BOX 468
BIDDEFORD  ME  04005-0468




ATTORNEY(S) FOR DEFENDANT/APPELLANT

NEAL WEINSTEIN, ESQ.
LAW OFFICES OF NEAL WEINSTEIN
PO BOX 660
OLD ORCHARD BEACH  ME  04064-0660