STATE OF MAINE
CUMBERLAND, ss.
SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-306

AMANDA MICLON,            )
                                  )
          Plaintiff,       )
                                  )   **ORDER ON DEFENDANT'S**
      v.                   )   **MOTION FOR PARTIAL SUMMARY**
                                  )   **JUDGMENT**
JUSTIN HAMILTON,      )
                                  )
         Defendant.     )

Before the Court is Defendant Justin Hamilton's Motion for Partial Summary Judgment with respect to Counts II and III of Plaintiff Amanda Miclon's Complaint. For the following reasons, Defendant's Motion is denied.

## I.   Summary Judgment Factual Record

On August 2, 2019, Plaintiff filed a five-count[1] complaint against Defendant asserting the following causes of action: (Count I) Assault; (Count II) Negligence; (Count III) Negligent Infliction of Emotional Distress; (Count IV) Intentional Infliction of Emotional Distress; and (Count V) Punitive Damages. (Pl.'s Compl.) The following facts establish the record relevant to this Court's order:

As of August 6, 2017, Defendant had been dating Plaintiff for over five years and had been living together for most of that time. (Supp.'g S.M.F. ¶ 1.) On August 6, 2017, Defendant was charged with two counts of Class B aggravated assault following certain events that occurred between the parties at their residence at 47 Leighton Road in Falmouth, Maine. (Supp.'g S.M.F. ¶ 2.) The next day, after Defendant was arrested and

---

[1] It's unclear why the parties refer to Plaintiff's Complaint as a five-count complaint. The parties appear to be omitting the false imprisonment claim, originally labeled as Count V. (*See* Pl.'s Compl. ¶¶ 27-33; Def.'s Mot. Summ. J. 1; Pl.'s Am. Opp'n to Def.'s Mot. Summ. J. 1.)

REC'D CUMB CLERKS OFC
FEB 26 '20 PM3:13

For Plaintiff:
Jason Dionne, Esq. & Victoria Degenhardt, Esq.        For Defendant: Bradford A. Pattershall, Esq.

released on bail, he sent Plaintiff a text message asking if he could stop by their residence to retrieve personal items. (Supp.'g S.M.F. ¶ 3.) Defendant was then charged with one count of violating a condition of his release, Docket No. CUMCD-CR-17-5964. (Supp.'g S.M.F. ¶ 3.) Attorney Bradford Pattershall represented Defendant in connection with these criminal charges and Defendant appeared in court on multiple occasions. (Supp.'g S.M.F. ¶¶ 4-5.) Defendant was, at one time, offered a deal by which he would plead guilty to one felony charge and serve all but four years suspended, accompanied by several years of probation and conditions of release. (Supp.'g S.M.F. ¶ 6.) Defendant's attorney filed several motions, including a Motion for Bill of Particulars and multiple motions to obtain Plaintiff's confidential medical records. (Supp.'g S.M.F. ¶ 7.)

On May 21, 2018, Defendant pled guilty to violating a condition of his release and served 35 days in jail in October 2018. (Supp.'g S.M.F. ¶ 8.) Defendant also pled guilty to a Class D misdemeanor non-domestic violence assault charge pursuant to an Agreement Deferring Disposition. (Supp.'g S.M.F. ¶ 9.) The Deferred Disposition required no contact with Plaintiff and compliance with a Maine Pre-trial contract with Maine Pretrial Services. (Supp.'g S.M.F. ¶ 9.) Defendant was also prohibited from possessing alcohol and subject to random searches and testing. (Supp.'g S.M.F. ¶ 9.) Upon successfully completing the Deferred Disposition, Defendant would have been permitted to withdraw his guilty plea and the assault charge would have been dismissed. (Supp.'g S.M.F. ¶ 10.)

Three days before he was scheduled to return for his Deferred Disposition, Defendant was arrested for allegedly failing to comply with the terms of his contract with Maine Pretrial Services. (Supp.'g S.M.F. ¶ 11.) Although Defendant denied these allegations, the State moved to terminate his pre-conviction bail and Deferred Disposition, and impose a sentence. (Supp.'g S.M.F. ¶ 11.) A contested testimonial

hearing was held on the State's motions. (Supp.'g S.M.F. ¶ 12.) Defendant asserts that the court made no findings with respect to the State's allegations. (Supp.'g S.M.F. ¶ 12.) Following the hearing, Defendant and the State agreed to a one-year extension of the Deferred Disposition, with the same conditions in place. (Supp.'g S.M.F. ¶ 12.) A return date is scheduled for May 18, 2020. (Supp.'g S.M.F. ¶ 12.)

## II.    Standard of Review

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504). Each parties' statements must include a reference to the record where "facts as would be admissible in evidence" may be found.[2] M.R. Civ. P. 56(e).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence

---

[2] The factual basis to support or oppose a motion for summary judgment can be provided by "(i) any statement under oath including affidavits, interrogatory responses, depositions, and hearing transcripts; or (ii) any other document that would have evidentiary significance in a trial, such as a stipulation, a public record, a response to requests for admissions, or an authentic but unsworn statement by a party opponent." *MSBA Practice Series Maine Rules of Civil Procedure* 386 (Hon. Donald G. Alexander et al. eds., 2008).

must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cty.*, 2013 ME 13, ¶ 19, 60 A.3d 759.

## III. Discussion

Defendant argues that Counts II and III – which both assert a cause of action based on negligence – cannot be brought in addition to an assault claim, where Plaintiff's Complaint alleges that Defendant acted intentionally. (Def.'s Mot. Summ. J. 3.) As Plaintiff points out, this argument is more appropriately addressed at the motion to dismiss stage.[3] When ruling on a motion for summary judgment, however, the Court considers "only the material facts set forth, and the portions of the record referred to, in the statements of material facts." *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158. Here, the summary judgment record refers only to "certain events" that occurred on August 7, 2017. (Supp.'g S.M.F. ¶ 2.) Thus, the record neither refutes nor establishes that Defendant acted intentionally or negligently.

A motion for summary judgment cannot be granted when the necessary material facts are not properly before the court. *HSBC Bank USA, N.A.*, 2011 ME 101, ¶ 8, 28 A.3d 1158. The deficiencies in the summary judgment record establish genuine issues of material fact precluding summary judgment.[4]

---

[3] "The key difference in comparing Rule 12(b)(6) practice with Rule 56 practice is that Rule 12(b)(6) practice allows the moving and the opposing party to address the issues by argument and citation to the pleadings, without more. Summary judgment practice requires the parties to demonstrate evidentiary support for their positions, not just arguments based on the pleadings." *MSBA Practice Series Maine Rules of Civil Procedure* 390 (Hon. Donald G. Alexander et al. eds., 2008).

[4] Defendant's Motion also sets forth his argument with respect to why the outcome of his underlying criminal charges will not bar him from litigating Counts I, IV, and V. ( Def.'s Mot. Summ. J. 5-7.) Because Defendant is not moving for a summary judgment on these counts, there is no need for the Court to address prospective arguments that are not relevant to this Court's Order on the Motion.

## IV. Conclusion

For the foregoing reasons, Defendant Justin Hamilton's Motion for Partial Summary Judgment with respect to Counts II and III is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 2/26/2020

MaryGay Kennedy, Justice
Maine Superior Court