ENTERED DEC 1 8 2014

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland ss. Clerk's Office

DEC 1 5 2014

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-390

RAC-CUM-12-16-305
14

MAINE STATE HOUSING AUTHORITY,
                                    Plaintiff,

V.

ORDER ON PLAINTIFF'S
REQUEST FOR AN
ENTRY OF DEFAULT AND
MOTION FOR SUMMARY
JUDGEMENT

SHANNON L. SPAULDING
And
STEVEN S. SPAULDING,

                                    Defendants,

And,

OHIO TECHNICAL COLLEGE,
And
FIVE COUNTRY CREDIT UNION,
                        Parties-In-Interest

Before the court is the plaintiff's request for an entry of default and the plaintiff's motion for summary judgment in a foreclosure action brought pursuant to 14 M.R.S. §§ 6321-6325 (2013). *See* M.R. Civ. P. 55(a)(1); 56. The defendants, Shannon and Steven Spaulding, have not appeared or otherwise defended against the foreclosure action. Likewise, the parties-in-interest, Ohio Technical College and Five County Credit Union, have not appeared or opposed the plaintiff's motions. After reviewing the affidavits and records submitted to the court, the court concludes that the plaintiff is entitled to an entry of default against the defendants and the parties-in-interest. *See* M.R. Civ. P. 55(a)(1). However, because the plaintiff failed to properly support multiple statements of material fact necessary to demonstrate the elements required to support a judgment of foreclosure and sale, *see Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700, the plaintiff's motion for summary judgment is DENIED.

## I.  Entry of Default

Where a party has failed to plead or otherwise defend against an action, as is the case in this action, the plaintiff may request an entry of default. That request is governed by M.R. Civ. P. 55(a)(1),[1] which requires: (1) strict compliance with the notice requirements of 14 M.R.S. § 6111 (2013) and the Maine Rules of Civil Procedure; (2) certified proof of ownership of the note and mortgage; and (3) evidence of the note and mortgage, with all assignments and indorsements. The record submitted by the plaintiff demonstrates that it has fulfilled all of these requirements and is entitled to an entry of default against both defendants, Shannon and Steven Spaulding, as well as both parties-in-interest, Ohio Technical College and Five County Credit Union.

## II.  Summary Judgment

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[2] The court is required to independently determine if the requirements of Rule 56(j) have been met and is also required to determine whether the plaintiff has set forth in its statement of

---

[1] M.R. Civ. P. 55(a)(1) provides:

> (1) *Foreclosure Actions.* No default or default judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed, and (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage.

[2] Maine Rule of Civil Procedure 56(j) states, in part:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

material facts the evidence necessary for a judgment in a residential mortgage foreclosure. *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508). In reviewing the plaintiff's motion, the court must strictly apply the rigorous rules of summary judgment. *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158. Furthermore, the court may only consider statements of material fact that are properly supported. *See id.* ¶ 2 n.2 (stating that the facts of the case are drawn from the plaintiff's statement of material facts "to the extent that the facts included in the statement are properly supported by references to the record").

After reviewing the plaintiff's motion, the court concludes that the requirements for a summary judgment of foreclosure have not been met for multiple reasons. First, the plaintiff failed to adequately support its statement of material fact regarding the amount due. An assertion of fact set forth in a statement of material facts must be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. M.R. Civ. P. 56(h)(1), (4). When evaluating a motion for summary judgment, the court will only consider the material facts set forth and the portions of the record referenced in the statements of material facts. *See Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158. The court is neither required or nor permitted to independently search the record for support for a party's claim when that claim is insufficiently referenced. *See id.* ¶ 17. This citation requirement, and the corresponding rule prohibiting the court from searching the record, avoids the necessity of a time-consuming search for "trial courts, who may have to consider multiple motions for summary judgment at a time." *Id.*

Paragraph eleven of the plaintiff's statement of material facts alleges that $98,850.48 is due on the loan as of August 13, 2014. (Pl.'s Supp. S.M.F. ¶ 11.) It further asserts that interest

is accruing at 4.95%, or $12.33 per diem, and cites to paragraph sixteen of an affidavit submitted by an employee of the plaintiff's servicer.[3] (Pl.'s Supp. S.M.F. ¶ 11; Thompson Aff. ¶ 16.) However, the paragraph of the affidavit referenced does not detail any amounts due or cite to any of the plaintiff's business records; rather, it deals with the prospect of future expenditures that the plaintiff may make. (Thompson Aff. ¶ 16.) For this reason, the plaintiff has failed to support its statement of fact regarding the amount due and it remains a genuine issue of material fact.

Additionally, the plaintiff's statement of material fact regarding the relative priority of the parties to the action is not properly supported. *See* M.R. Civ. P. 56(e); (Pl.'s Supp. S.M.F. ¶ 18.) It contains no citation supporting the plaintiff's superior priority of over the defendants. (Pl.'s Supp. S.M.F. ¶ 18.) For this reason, the plaintiff has failed to support its statement of fact regarding the priority of the parties and it remains a genuine issue of material fact.

Finally, the plaintiff has not properly supported its statement of material fact regarding the non-existence of any public utility easements on the property. *See* M.R. Civ. P. 56(e); (Pl.'s Supp. S.M.F. ¶ 19). Rule 56(h)(4) requires each statement of material fact to be supported by a citation to identified record materials. And, if that identified record material is an affidavit, it must comply with Rule 56(e), which requires the affiant to attach copies of "all papers" referred to in an affidavit. The plaintiff's statement of material fact regarding public utility easements cites to the affidavit submitted by the employee of the plaintiff's servicer, which states "I have reviewed the title update submitted to [the servicer] by counsel in this matter . . . and understand

---

[3] Because the loan at issue in this case originated prior to December 20, 2010, when Camden National Bank (CNB) became the exclusive loan servicer of the Maine State Housing Authority's mortgages, it is unclear whether the affiant, Robin Thompson, is a qualified witness for the purpose of introducing the payment records of the loan. If CNB has not serviced this loan since its origination and the payment history from 2004 to 2010 was created by a prior servicer and integrated into CNB's files, Thompson would need to demonstrate sufficient knowledge of the prior servicer's record creation and retention practices. *See Beneficial Me., Inc. v. Carter*, 2011 ME 77, ¶¶ 12-17, 25 A.3d 96. The existence of regulations regarding the transfer of records between servicers, cited by Thompson, is informative but does not speak to whether the prior servicer actually followed those regulations. (*See* Thompson Aff. ¶ 2.) However, because of the deficiencies in the citation of the plaintiff's statement of material facts, the court need not determine this issue.

that the indices of [the Registry of Deeds] do not reveal any public utility easements affecting the property." (Pl.'s Supp. S.M.F. ¶ 19; Thompson Aff. ¶ 19.) The "title update" referred to is not attached to the affidavit as required by Rule 56(e).[4] Therefore, the existence of a public utility easement on the property remains a genuine issue of material fact.

Because the plaintiff has failed to properly support its statements of material fact regarding multiple essential elements of its case, and thus they remain genuine issues of material fact, the plaintiff is not entitled to a summary judgment of foreclosure. *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (listing the elements required to support a judgment of foreclosure and sale); *Gabay*, 2011 ME 101, ¶ 18, 28 A.3d 1158 (stating that existence of a genuine issue of material fact precludes the entry of a judgment).

**The entry shall be:**

The plaintiff's request for an entry of default against Shannon Spaulding, Steven Spaulding, Ohio Technical College, and Five County Credit Union is **HEREBY GRANTED**. The plaintiff's motion for summary judgment is **HEREBY DENIED**. The Clerk of Court is directed to enter this order by reference on the civil docket pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: December 16, 2014

Hon. Roland Cole
Justice, Superior Court

---

[4] If the title update was attached to the affidavit, the affiant would necessarily need to lay the appropriate foundation for its admission. *See* M.R. Civ. P. 56(e).

K OF COURTS
Ꙩerland County
y Street. Ground Floor
Ꙩnd, ' Ꙩ4101

Shannon Spaulding
49A Durham Road
New Gloucester ME 04260

K OF ꙨOURTS
Ꙩerlan Ꙩounty
y Street, Ground Floor
Ꙩnd, ME 04101

Wendy Paradis Esq
PO Box 9729
Portland ME 04104



Steven Spaulding
81 Merrill Road
Pownal ME 04069

Five County Credit Union
19 Commercial Street
Portland ME 04101

Ohio Technical College
c/o Mark Brenner
1374 East 51st Street
Cleveland OH 44103