STATE OF MAINE                          SUPERIOR COURT
OXFORD, SS.                             CIVIL ACTION
                                        DOCKET NO. RE-17-14


WBL SPE II, LLC,

        Plaintiff

v.                                      **ORDER ON MOTION**
                                        **OF PLAINTIFF**
BLACK BEAR INDUSTRIAL INC.,             **FOR SUMMARY JUDGMENT**
JEFFREY P. RICHARD, and
NORTHERN MOUNTAIN
CONSTRUCTION, LLC.,

        Defendants


Before the Court is plaintiff WBL SPE II, LLC's motion for summary judgment in

a commercial foreclosure action brought pursuant to 14 M.R.S. §§ 6321-6325.

Defendants Black Bear Industrial Inc., Jeffrey P. Richard, and Northern Mountain

Construction, LLC have filed an opposition to plaintiff's motion.

## I. BACKGROUND

On June 21, 2016, defendant, Black Bear Industrial Inc., executed a commercial

promissory note in the amount of $150,000 to World Business Lenders, LLC . On the

same date defendants Jeffrey P. Richard and Northern Mountain Construction, LLC

executed a continuing guaranty. The promissory note was secured by a mortgage on real

estate located at 16 Andover Road, in Rumford. The mortgage issued by Northern

Mountain Construction was in favor of World Business Lenders. The promissory note

has been specially endorsed to plaintiff WBL SPE II, LLC and plaintiff is in possession

of the original note. The mortgage has been assigned to plaintiff by written assignment recorded in the Oxford County Registry of Deeds.

The promissory note provides that defendant Black Bear "shall repay the principal and interest commencing on 6/23/16 and on each Business Day thereafter until 12/22/2017 with each daily payment equaling $714.31, followed by a final payment of $707.97 on 12/26/2017 . . . ." The interest rate in the note is .239068493151% per day until paid in full. Defendant Black Bear has a right to prepay the principal in full, but such prepayment would result in a prepayment charge. Such a charge would be

> equal to the greater of (a) fifteen percent (15%) of the amount of the unpaid Principal or (b) the aggregate amount required to be repaid by Borrower to Lender during the repayment period reduced by (i) the aggregate amount of any payments made by Borrower to Lender . . . prior to the date of such prepayment and (ii) the amount of the unpaid principal.[1]

The note also provided that any payment of principal and interest due to acceleration of the note upon default would be deemed a prepayment.

Plaintiff alleges that defendants have defaulted on their obligations by failing to make payment as called for under the note, guaranty, and mortgage. According to plaintiff, the total amount due under the note—including attorney fees and costs as well as the prepayment penalty—is $350,539.08. Plaintiff mailed defendant Black Bear a notice of right to cure on January 26, 2017. Plaintiff filed a complaint for foreclosure on March 16, 2017. Plaintiff amended its complaint in April of 2017, and moved for

---

[1] This prepayment penalty effectively ensures that plaintiff will obtain the full amount of interest it would have obtained had the defendant continued the scheduled payments up to maturity of the note and not prepaid any of the principle.

2

summary judgment on July 5, 2017. Defendants filed an opposition to plaintiff's motion on July 26, 2017. Plaintiff filed a reply on August, 2, 2017. A hearing was held on September 27, 2017. Plaintiff was represented by John A. Turcotte, Esq.; Dawn Harmon, Esq., represented the defendants.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute of material fact and that any party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). A genuine dispute exists "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778. "To avoid a summary judgment, the nonmoving party must respond by filing (1) a memorandum of law in opposition to the motion for summary judgment; (2) a statement of material facts in opposition, with appropriate record references; and (3) copies of the corresponding record references." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6, 770 A.2d 653.

Plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j). Pursuant to Rule 56(j), the court must independently assess whether the mortgage holder has properly set forth in its statement of material facts all of the elements necessary for a foreclosure judgment. *Id.*; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. The court must apply the rules of summary judgment

3

strictly when determining whether the plaintiff has properly supported the necessary statements of material fact for a judgment of foreclosure. *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158. Each statement of material fact must be "supported by evidence of a quality that could be admissible at trial." *Id.* ¶ 10; M.R. Civ. P. 56(h)(4). The court must not consider a statement of material fact unsupported by citation to record evidence, nor is the court allowed to search the record to find evidence in support of such unsupported statements. M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158.

In order to obtain summary judgment in a commercial foreclosure action, the plaintiff seeking foreclosure must provide proof of the following essential elements:

1. the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

2. properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

3. a breach of condition in the mortgage;

4. the amount due on the mortgage note, including any reasonable attorney fees and court costs;

5. the order of priority and any amounts that may be due to other parties in interest, including any public utility easements; and

6. if the mortgage is on the primary residence of the owner-occupant, proof of compliance with the requirements of Maine's Foreclosure Mediation Program.

*See Bank of Am., N.A. v. Greenleaf,* 2014 ME 89, ¶ 11, 96 A.3d 700; M.R. Civ. P. 56(j);

4

*Boredetsky v. JAK Realty Trust*, 2017 ME 42, ¶ 13, 157 A.3d 233 (holding that a foreclosure action where the mortgage secures a commercial note is not subject to the notice requirements contained in 14 M.R.S. § 6111); 14 M.R.S. 6321-A (2016).

## III. DISCUSSION

A. Book, Page Number and Description of the Mortgage

Plaintiff's statement of material facts indicates that defendant Northern Mountain Construction issued a mortgage on real estate located at 16 Andover Road, Rumford, Oxford County, and that this mortgage is recorded in Book 5295, Page 594, of the Oxford East County Registry of Deeds. This statement of material fact is properly supported by an affidavit of Alex Nadler, the vice president of World Business lenders, LLC—the original holder of the mortgage and note and the current servicer of the note. Mr. Nadler's Affidavit is in turn supported by a copy of the recorded mortgage. Plaintiff has met its burden to produce admissible evidence which shows the existence of a mortgage, indicates the book and page number of the mortgage, and describes the property. *See Greenleaf,* 2014 ME 89, ¶ 20, 96 A.3d 700.

B. Properly Presented Proof of Ownership of the Note and the Mortgage

The mortgagee may certify proof of ownership of the note by establishing that it is in possession of the note, and the note is endorsed in blank. *Bank of Am. v. Cloutier,* 2013 ME 17, ¶¶ 18-21, 61 A.3d 1242. Here, plaintiff has produced a copy of the note, an allonge to the note containing an endorsement to plaintiff, a copy of the recorded mortgage, and a copy of an assignment of the mortgage from World Business Lenders to

5

plaintiff. Therefore, plaintiff has met its burden to prove ownership of the note and to produce evidence of the note and mortgage. *See id.*; *Greenleaf,* 2014 ME 89, ¶¶ 21-22, 96 A.3d 700.

C. Breach of Condition

Plaintiff's statement of material facts states that defendants have failed to make payments as called for under the note, and are therefore in default. Defendants deny only that they are in default under the terms of the note; they do not dispute that they have failed to make a payment. Furthermore, plaintiff's assertion is properly supported by the aforementioned affidavit of Alex Nadler as well as business records produced by plaintiff showing payments received by World Business Lenders, the servicer of the note.

D. Amount Due on the Mortgage

Plaintiff's statement of material facts indicates that defendants owe a total of $350,539.08 (including attorney fees and costs) and that, since June 7, 2017, interest continues to accrue on the principal balance at a rate of $339.66 per day. In support of its statement of material facts, plaintiff has cited to the affidavit of Alex Nadler and, in regard to the attorney fees, an affidavit of counsel. The affidavit of Alex Nadler in turn cites to a business record of payments made by defendants on the note. Together these documents establish that defendants owe a total of $350,539.08 as of June 7, 2017. Defendants dispute the amount that is due on the mortgage, but their contention is not centered on any factual dispute about plaintiff's calculations of the amount due. Rather, defendants raise an affirmative defense and argue that the interest and prepayment terms

6

of the note are substantively unconscionable.

Under the doctrine of substantive unconscionability, a court may refuse to enforce a term of a contract if it is so one-sided that it "shocks the conscience." *Blanchard v. Blanchard*, 2016 ME 140, ¶ 19, 148 A.3d 277 (citing *Bither v. Packard*, 115 Me. 306, 314, 98 A. 929, 933 (1916)). Although substantive unconscionability focuses mostly on the terms of the contract, *id.*, a court must look at the whole circumstances in which the contract was made in order to determine whether the terms are unduly oppressive. *See Bither*, 115 Me. at 314, 98 A. at 933. "The terms of the contract, no matter how onerous, are not evidence of unconscionability in and of themselves." *Adam v. Madjerac*, No. CV-92-125, 1992 Me. Super. LEXIS 302, at *11 (Dec. 30, 1992) (citation omitted).

Parties opposing a motion for summary judgment bear the burden of adducing prima facie evidence of each element of their defense. *Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179. Beyond reciting the terms of the note, defendants have not provided the court with any facts to clarify the context in which the note was made. Based on the facts which have been properly entered into the summary judgment record, the defendants have not met their burden to produce admissible evidence showing a genuine dispute that the interest rate and prepayment terms of the note are unreasonable in light of the risk that the lender would not be repaid. *C.f. Madjerac*, 1992 Me. Super. LEXIS 239 at *11-13 (defendant's failure to supply information about the commercial context in which a loan was made precluded a finding of unconscionability and was thus no defense to a motion seeking attachment). Because defendants have not met their

7

burden to adduce prima facie evidence supporting their affirmative defense of unconscionability, they cannot avoid summary judgment by simply asserting that the terms of the contract are unconscionable and by citing to those terms.

E. Order of Priority

Plaintiff's statement of material facts asserts and defendants do not deny that plaintiff has a first-priority mortgage. Plaintiff's factual assertions are properly supported by an affidavit of counsel stating that she conducted a title search at the Oxford East County Registry of Deeds and found no documents indicating any parties-in-interest with regard to the subject real estate.

F. Foreclosure Mediation

Here, plaintiff seeks to foreclose on property owned by defendant Northern Mountain Construction. Therefore, because plaintiff is not seeking to foreclose on "owner-occupied residential real property," mediation is not required by 14 M.R.S. § 6321-A.[2]

## IV. CONCLUSION

Based on the entirety of the record before the court, there is no genuine dispute as to whether defendants breached their contracts with plaintiff under the note, mortgage, and guaranty. Therefore, plaintiffs motion for summary judgment is granted in part.

Plaintiff should prepare a proposed judgment and order of foreclosure, reflecting

---

[2] Similarly, because this is a foreclosure of a mortgage securing a commercial note, plaintiff is not required to provide notice pursuant to 14 M.R.S. § 6111. *See Boredetsky*, 2017 ME 42, ¶ 13, 157 A.3d 233.

8

the within order on Plaintiff's Motion for Summary Judgment, except that the proposed judgment and Order of Foreclosure should reflect that this court declines to enforce the charges for prepayment against the individual defendants.

DATED:

December 11, 2017

Robert W. Clifford
Active Retired Justice